UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:18-cv-17-80


FILED
JAN 1 9 2018
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

TIMOTHY DANEHY )
*Plaintiff.* )
)
vs )
)
EXPERIAN INFORMATION )
SOLUTIONS, INC.; TRANS UNION )
LLC; EQUIFAX, INC. )
*Defendants* )
)
) **TRIAL BY JURY DEMANDED**
)

**COMPLAINT FOR VIOLATIONS OF THE FCRA**

**JURISDICTION**

1. This court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C § 1331.

2. All conditions precedent to the bringing of this action have been met or waived.

**PARTIES**

3. The Plaintiff in this lawsuit is Timothy Danehy, a natural person, who resides in Vance County, North Carolina.

4. Defendant Experian Information Solutions, Inc. (hereafter, Experian) is a Consumer Reporting Agency with corporate offices at 475 Anton Blvd. Costa Mesa, CA 92626.

5. Defendant Trans Union LLC (hereafter, Trans Union) is a Consumer Reporting Agency with corporate offices at 555 W. Adams Street Chicago, IL 60661.

6. Defendant Equifax, Inc. (hereafter, Equifax) is a Consumer Reporting Agency with corporate offices at 1550 Peachtree Street Atlanta, GA 30309.

1

## VENUE

7. The occurrences which give rise to this action occurred in Vance County, North Carolina and Plaintiff resides in Vance County, North Carolina.

8. Venue is proper in the Eastern District of North Carolina.

## GENERAL ALLEGATIONS

9. Plaintiff made a written request sent by certified mail for a copy of his full consumer file disclosure which was received by Experian on November 13, 2017. See Exhibit 1 attached.

10. In response to his very specific request for his **full consumer file disclosure** Plaintiff received a credit report which was not responsive to his request.

11. Plaintiff made a written request sent by certified mail for a copy of his full consumer file disclosure which was received by Trans Union on November 13, 2017. See Exhibit 1 attached.

12. In response to his very specific request for his **full consumer file disclosure** Plaintiff received a personal credit report which was not responsive to his request.

13. Plaintiff made a written request sent by certified mail for a copy of his **full consumer file disclosure** which was received by Equifax on November 13, 2017. See Exhibit 1 attached.

14. In response to his very specific request for his **full consumer file disclosure** Plaintiff received a letter dated November 18, 2017 from, Equifax Information Services LLC, stating he was not eligible for a free copy of his **credit file** and the standard charge for a disclosure was $11.50 which was not responsive to his request. See Exhibit 2 attached.

15. Plaintiff, in making the exact same request of each of the Defendants, specified in great detail exactly what specific sections of the Fair Credit Reporting Act (FCRA) requires each

Defendant to provide a **full consumer file disclosure** at least once per year at no charge when a request is made by a consumer. See Exhibit 1 attached.

16. Plaintiff's request for a **full consumer file disclosure** from each Defendant was the first request for a disclosure within 12 months and identification in the form of a copy of his current state driver's license and social security card were attached to the request for identification.

17. After receiving a response from each Defendant that did not comply with the request made, Plaintiff made a second and final request for a **full consumer file disclosure** pursuant to the FCRA of each Defendant. See Exhibit 3 attached. A copy of the initial letter was sent with the second request for clarification along with identification in the form of a copy of his current state driver's license and social security card.

18. At no time did Plaintiff make any request for a credit report from the Defendants but instead was very specific in requesting a **full consumer file disclosure** pursuant to 15 U.S.C. § 1681g(a)(1) as outlined in the initial request.

19. In response to Plaintiff's second request for a **full consumer file disclosure** to Experian Plaintiff received a letter which was not responsive to his request as required by 15 U.S.C. § 1681g(a)(1). See Exhibit 2 attached.

20. In response to Plaintiff's second request for a **full consumer file disclosure** to Trans Union he received a personal credit report which was not responsive to his request as required by 15 U.S.C. § 1681g(a)(1).

21. In response to Plaintiff's second request for a **full consumer file disclosure** to Equifax he received a credit file which was not responsive to his request as required by 15 U.S.C. § 1681g(a)(1).

22. Upon information and belief there is substantial information relating to the Plaintiff that is contained in each Defendants' files that has not been disclosed to him including, but not limited to, information that was previously shown in his credit reports and additional information that is provided to prospective creditors, insurers or employers who request information on Plaintiff that Plaintiff has never seen or is aware of.

23. Upon information and belief the information that is not disclosed to Plaintiff contains negative codes among other things that are provided to prospective creditors, insurers or employers which directly affect how that prospective creditor, insurer or employer would view the Plaintiff in terms of granting credit, rating insurance policies or providing employment.

24. This undisclosed information has never been provided to Plaintiff even when it was requested so he could examine it for accuracy. It could be blatantly false or at the least misleading and without disclosure by the Defendants he would not have the opportunity to dispute the accuracy or veracity of it which he is legally entitled to do under the law. Disclosure of false or misleading information to prospective creditors, insurers or employers that Plaintiff knows nothing about could paint him in a false light where he could be denied credit or employment or pay higher interest rates on credit if it was granted and higher premiums for insurance harming him substantially.

25. Upon information and belief Defendants have far more information relating to Plaintiff in their files and databases including archived information that Plaintiff has never had access to or had the opportunity to review for accuracy that is provided to others when they make a request for his file. This information has been properly requested by Plaintiff multiple times and is required to be disclosed under 15 U.S.C. § 1681g(a)(1) when a proper request is made

by a consumer. The Defendants, with a duty under 15 U.S.C. § 1681, have **repeatedly refused** to provide Plaintiff with his **full consumer file disclosure** after multiple requests.

26. Because Plaintiff has not had access to that undisclosed information he has therefore had no opportunity to review it and dispute the accuracy of it if it is found to be false yet it is provided to potential creditors, insurers and employers without his knowledge and purposely and illegally concealed from him.

27. Upon information and belief when a report is provided by the Defendants to a potential creditor, insurer or employer that information is provided in an encrypted format with instructions to the user that the consumer is NOT to be shown that information. There is no prohibition in the law that information obtained by a user can be provided to the consumer if a request for it is made yet instructions from the Defendants are to the contrary.

28. One can only surmise that there must be some nefarious reason why that information should not be provided to the consumer that is sent to the user in an encrypted format with instructions to the user to conceal it from the consumer. It obviously must contain information that the consumer has never seen and the consumer reporting agencies don't want him or her to see for some unknown reason. This is obviously not in concert with the mandate of full disclosure clearly articulated in the FCRA in unambiguous plain language.

29. Plaintiff made multiple specific requests of each of the Defendants for a **full consumer file disclosure** as clearly stated in 15 U.S.C. § 1681g(a)(1) and all Defendants have failed to comply with the requests and are therefore in contravention of the FCRA.

30. By acting as consumer reporting agencies the Defendants have duties required by 15 U.S.C. § 1681 *et. seq.*, the FCRA, which was enacted to protect the general publics rights and individual rights.

5
Case 5:18-cv-00017-FL   Document 1   Filed 01/19/18   Page 5 of 8

*31.* The actions of all Defendants occurred within the past 2 years and are within the Statute of Limitations under the FCRA.

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.

*32.* Paragraphs 1 through 31 are re-alleged as though fully set forth herein.

*33.* Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

*34.* Experian Information Solutions, Inc. is a consumer reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

*35.* Experian repeatedly failed to comply with Plaintiff's multiple requests for a full consumer file disclosure pursuant to 15 U.S.C. § 1681g(a)(1).

WHEREFORE, Plaintiff prays for judgment for damages against Experian Information Solutions, Inc. to include statutory damages of $1000.00, post judgment interest, any attorney's fees, and all costs pursuant to 15 U.S.C. § 1681n. and any other relief deem just and right.

## COUNT II

## VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT TRANS UNION LLC

*36.* Paragraphs 1 through 31 are re-alleged as though fully set forth herein.

*37.* Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

**38.** Trans Union LLC is a consumer reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

**39.** Trans Union LLC repeatedly failed to comply with Plaintiff's multiple requests for a full consumer file disclosure pursuant to 15 U.S.C. § 1681g(a)(1).

WHEREFORE, Plaintiff prays for judgment for damages against Trans Union LLC to include statutory damages of $1000.00, post judgment interest, any attorney's fees, and all costs pursuant to 15 U.S.C. § 1681n. and any other relief deem just and right.

## COUNT III

## VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT EQUIFAX, INC.

**40.** Paragraphs 1 through 31 are re-alleged as though fully set forth herein.

**41.** Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

**42.** Equifax, Inc. is a consumer reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

**43.** Equifax, Inc. repeatedly failed to comply with Plaintiff's multiple requests for a full consumer file disclosure pursuant to 15 U.S.C. § 1681g(a)(1).

WHEREFORE, Plaintiff prays for judgment for damages against EQUIFAX, INC. to include statutory damages of $1000.00, post judgment interest, any attorney's fees, and all costs pursuant to 15 U.S.C. § 1681n. and any other relief deem just and right.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: January 19, 2018

Respectfully Submitted,

By: *(signature)*
Timothy Danehy
P.O. Box 301
Kittrell, NC 27544-0301
919-702-6842