IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil No. 5:18-cv-00017-FL

| | |
|---|---|
| TIMOTHY DANEHY, | ) |
| | ) |
| Plaintiff, | ) **DEFENDANT TRANS UNION LLC'S** |
| | ) **MEMORANDUM IN SUPPORT OF** |
| v. | ) **MOTION TO DISMISS PLAINTIFF'S** |
| | ) **COMPLAINT** |
| EXPERIAN INFORMATION SOLUTIONS, | ) |
| INC., TRANS UNION LLC, and EQUIFAX, | ) |
| INC. | ) |
| Defendants. | |

COMES NOW, Trans Union LLC ("Trans Union"), and files its Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**NATURE OF THE CASE**

On or about January 19, 2018, *pro se* Plaintiff Timothy Danehy filed suit against Trans Union seeking statutory damages and costs related to an alleged violation of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681, *et seq*. Trans Union moves this Court to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff fails to allege facts sufficient to support a claim for relief. Plaintiff repeats the statutory language and merely offers speculative and conclusory allegations that he received a "personal credit report" when he requested a "full consumer file disclosure." Plaintiff's allegations do not adequately state a claim and fail to provide Trans Union with adequate notice of the basis of the claims asserted against it.

1

## STATEMENT OF FACTS

Trans Union is a consumer reporting agency as the term is defined in the FCRA. 15 U.S.C. § 1681a(f). Complaint at ¶ 38. Plaintiff alleges he made two written requests for his "full consumer file disclosure." Complaint at ¶¶ 11 and 17. Plaintiff further alleges Trans Union sent and he received his "personal credit report" in response to both requests for a "full consumer file disclosure." Complaint at ¶¶ 12 and 20. Plaintiff does not allege any general damages. *See* Complaint. Plaintiff seeks statutory damages of $1,000 plus interest, attorney's fees and costs. Complaint Prayer for Relief of Count II.

## ARGUMENT

### I. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint when the allegations fail to set forth facts which, if true, would entitle plaintiff to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A complaint must raise the right to relief beyond the speculative level, and plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Although a court must liberally construe a pro se plaintiff's allegations, it 'cannot ignore a clear failure to allege facts' that set forth a cognizable claim." *Campbell v. Wells Fargo Bank*, N.A., 73 F. Supp. 3d 644, 648 (E.D.N.C. 2014)(citing *Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011). While courts considering a Rule 12(b)(6) motion generally accept all well-pleaded allegations in a complaint as true, mere conclusory allegations, absent supporting factual averments, are not sufficient to state a claim upon which relief can be granted. *See Hinton v. Trans Union, LLC*, 654 F. Supp. 2d 440, 451 (E.D. Va. 2009) (granting motion to dismiss 15 U.S.C 1681g claim because allegations were merely "unadorned, the defendant-unlawfully-harmed-me accusations" (citation omitted)); *Jackson v. Warning*, No. PJM

15-1233, 2016 U.S. Dist. LEXIS 172589, at *2 (D. Md. Dec. 13, 2016) (dismissing pro se FCRA claims); *Kant v. Bregman*, 84 Fed. App'x. 355 (4th Cir. 2004) (affirming dismissal of civil rights claim because plaintiff's only asserted conclusory allegations unsupported by any factual averments); *Mason v. Potter*, 81 Fed. App'x. 767 (4th Cir. 2003) (same); *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (cannot rely merely on conclusory allegations); *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (must present more than naked allegations to survive dismissal); *Jones v. Duncan*, 2009 U.S. Dist. LEXIS 93328 (D.N.C. 2009) (case dismissed because plaintiff did not allege a single fact to overcome his showings that no violations occurred).

## II. Plaintiff's Complaint fails to plead facts sufficient to support a claim for relief pursuant to § 1681g

Plaintiff's Complaint is subject to dismissal under Rule 12(b)(6) because it fails to state facts sufficient to support a claim for relief under the FCRA. Plaintiff alleges that Trans Union "failed to comply with Plaintiff's multiple requests for a full consumer file disclosure pursuant to 15 U.S.C. § 1681g(a)(1)." *See* Complaint at ¶ 39. Section 1681g(a)(1) of the FCRA states that upon request, a consumer reporting agency shall disclose "[a]ll information in the consumer's file at the time of the request, except that (A) if the consumer requests that his social security number be masked the CRA shall do so, and (B) the CRA is not required to disclose information about credit scores "or any other risk scores or predictors relating to the consumer." 15 U.S.C. § 1681g(a)(1). To prevail on a claim based on Section 1681g(a)(1), then, a plaintiff must adequately plead that the CRA failed to provide the consumer with the consumer file. Here, Plaintiff merely recites in conclusory fashion that he did not receive a full consumer file disclosure at the same time admitting Trans Union timely responded and produced a "credit report". *See* Complaint ¶¶ 20, 39. Plaintiff's averments are insufficient.

3

1. **"Consumer file" is defined as the information contained in a consumer's disclosure/credit report**

The Federal Trade Commission ("FTC")[1] interpreted the term "file" in 1681g to be limited to material included in a consumer report that would be sent to a third party. See 40 Years Commentary, p. 71. "[A]ncillary records" such as "a CRA's audit trail of changes it makes in the consumer's file, billing records, or the contents of a consumer relations folder, are not included in the term 'information in the consumer's file.'" *Id.* The Seventh Circuit in *Gillespie v. Trans Union Corp.* held that "file" meant information contained in a consumer report produced by the CRA. *See* 482 F.3d 907, 908-10 (7th Cir. 2007). *Gillespie* cites the FTC's commentary on § 1681g(a)(1) regarding the limited scope of the term "file": "The term 'file' denotes all information on the consumer that is recorded and retained by a consumer reporting agency that might be furnished, or has been furnished, in a consumer report on that consumer." *Id.* at 909 (quoting 16 C.F.R. pt. 600, app. § 603). "Congress, it seems, chose to limit the right to contest information to material *actually contained in consumer reports*. And of course it was free to draw the line as it did." *Gillespie*, 482 F.3d at 910 (emphasis added). Plaintiff alleges "Defendants have far more information relating to Plaintiff in their files and databases including archived information." Complaint ¶ 25. Plaintiff offers no factual enhancements to support his speculative conclusory statement. Nonetheless, to the extent such archived information exists, it is not part of the file to be produced under 1681g as interpreted by the FTC and courts.

---

[1] The interpretation and enforcement of the FCRA transferred from the FTC to Consumer Financial Protection Bureau ("CFPB") after passage of the Consumer Financial Protection Act of 2010. In preparation for the transition, in July 2011, the FTC published "40 Years of Experience with the Fair Credit Reporting Act – An FTC Staff Report with Summary of Interpretations" ("40 Years Commentary") (available at https://www.ftc.gov/sites/default/files/documents/reports/40-years-experience-fair-credit-reporting-act-ftc-staff-report-summary-interpretations/110720fcrareport.pdf). The CFPB has not issued any contrary interpretation and has cited the 40 Years Commentary in amicus briefs on other topics. *See Moran v. The Screening Pros, LLC*, 9th Cir. Cause No. 12-57246 10/4/13, Dkt. 22.

### 2. Plaintiff admits he received two copies of his consumer report/disclosure from Trans Union

Plaintiff misunderstands how a "consumer report" is different from a consumer disclosure. *See Pettway v. Equifax Info. Servs., LLC,* 2010 U.S. Dist. LEXIS 13800, at *22 (S.D. Ala. Feb. 12, 2010). "Consumer reports" are generated by a CRA and delivered to a third party for use in deciding whether the consumer is eligible for credit or for other purposes. *Id.* (citing 15 U.S.C. § 1681a(d)). In contrast, a "consumer disclosure" or "consumer file" is a CRA's file that is provided to the consumer, not to third parties, that contains information about the consumer recorded and retained by the CRA. *Id.* (citations omitted). In other words, there cannot be a consumer report without delivery to a third party.

Plaintiff's sole allegation against Trans Union is that he did not receive his "full consumer file disclosure" as requested. *See* Complaint, at ¶¶ 11-14. Plaintiff states that he sent Trans Union a request for his full consumer file disclosure, and in response received a copy of his "Trans Union Credit Report." *Id.* at ¶¶ 11-14. He sent another letter to Trans Union requesting "ALL INFORMATION" in his consumer file, and cited 15 U.S.C. § 1681g(a) for categories of information specifically requested. *Id.* at Ex. 1. In response, Trans Union sent him another document he describes as his "Trans Union Credit Report." *Id.* at ¶ 20. Plaintiff does not dispute that he received these documents from Trans Union upon his request, as required by § 1681g. As defined by case law discussed above, a credit report goes to a third party. Because Plaintiff, the consumer, was the recipient, what he received was exactly what he requested a full consumer file disclosure.

Thus, by Plaintiff's own admission, Trans Union complied with § 1681g(a)(1) and relevant federal case precedent by providing to him his consumer disclosure. Accordingly,

Plaintiff has failed to allege sufficient facts to support a cause of action against Trans Union under the FCRA, and the Court should dismiss his claim under Rule 12(b)(6).

> **3. Plaintiff provides no factual basis for his assertion that the "Trans Union Credit Report" was not his "full consumer file disclosure"**

Notably absent from Plaintiff's Complaint is any factual enhancement that specific information that should have been in the disclosure was missing. Instead, he offers speculative conclusions with no factual basis that information has been excluded from his consumer file. He acknowledges the speculative nature of his statements by stating that "one can only surmise". *See* Complaint at ¶ 28. He assumes that such information includes the following categories:

- "additional information never seen by him that is provided to prospective creditors, insurers or employers who request information on Plaintiff," *Id.* at ¶ 22;
- "negative codes among other things that are provided to prospective creditors, insurers or employers" *Id.* at ¶ 23; and
- "far more information relating to Plaintiff in [Defendants'] files and databases including archived information." *Id.* at ¶ 25.

Specifically, he alleges "[u]pon information and belief" that these types of information are missing from his disclosure. *Id.* at ¶¶ 22, 23, and 25. Since the decision of *Twombly* and *Iqbal*, various district courts have stated that a plaintiff may plead facts "upon information and belief" in two circumstances: 1) where the facts are peculiarly within the possession and control of the defendant, or 2) where the belief is based on factual information that makes the inference of culpability facially plausible. *See, e.g.*, *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010); *Mathews v. Bowie County*, 2013 U.S. Dist. LEXIS 130978, *9 (E.D. Tex. Sept. 13, 2013). However, the "mere invocation of the phrase 'information and belief' does not circumvent the pleader's responsibility to set forth a claim for relief which is plausible on its face—in other words, a claim which presents factual content allowing the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Mathews*, 2013 U.S. Dist. LEXIS 130978 at *8.

6

Here, the Complaint contains mere conclusory statements and provides no factual basis for the assertion that any specific information has been withheld from the document he admits receiving. Plaintiff's Complaint should be dismissed because he has alleged no facts sufficient to support any recognizable cause of action under § 1681g.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union respectfully requests that this Honorable Court dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) and for such other relief as the Court deems necessary.

Respectfully submitted,

This 19th day of February, 2018.

                              YOUNG MOORE AND HENDERSON, P.A.

                BY: /s/ Kelly S. Brown
                     Kelly S. Brown
                     N.C. State Bar No. 37829
                     *Local Civil Rule 83.1 Counsel for*
                     *Defendant Trans Union LLC*
                     P.O. Box 31627
                     Raleigh, NC 27622
                     Telephone: (919) 782-6860
                     Facsimile: (919) 782-6753
                     Email: kelly.brown@youngmoorelaw.com

**CERTIFICATE OF SERVICE**

       I hereby certify that on February 19, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and served the foregoing document via Certified Mail with the United States Postal Service on the following non-CM/ECF participant:

Timothy Danehy
P.O. Box 301
Kittrell, NC 27544-0301
(919) 702-6842
*Pro Se Plaintiff*

                                YOUNG MOORE AND HENDERSON, P.A.

                    BY:   /s/ Kelly S. Brown
                            Kelly S. Brown
                            N.C. State Bar No. 37829
                            *Local Civil Rule 83.1 Counsel for*
                            *Defendant Trans Union LLC*
                            P.O. Box 31627
                            Raleigh, NC 27622
                            Telephone: (919) 782-6860
                            Facsimile:  (919) 782-6753
                            Email: kelly.brown@youngmoorelaw.com