IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

TIMOTHY DANEHY,  )
                 )
    Plaintiff,   )
                 )
v.               )  Civil Action No. 5:18-cv-00017-FL
                 )
EXPERIAN INFORMATION )
SOLUTION, INC., et al., )
                 )
    Defendant.   )

## DEFENDANT EQUIFAX INC.'S
## ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant Equifax Inc., by Counsel, and for its response to Plaintiff's Complaint states as follows:

## PRELIMINARY STATEMENT

In answering the Complaint, Equifax Inc. states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax Inc. denies any and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint.

## ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax Inc. responds as follows:

1. To the extent Plaintiff has properly alleged his claims, Equifax Inc. admits this Court may exercise its jurisdiction.

2. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3. Equifax Inc. admits that Plaintiff is a natural person. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3.

4. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6. Equifax Inc. denies it is a consumer reporting agency. Equifax Inc. admits the remaining allegations in Paragraph 6.

7. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13. Equifax Inc. denies the allegations in Paragraph 13.

14. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15. Equifax Inc. responds that the document at Exhibit 1 speaks for itself. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15.

16. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16.

17. Equifax Inc. denies the allegations in Paragraph 17 as they pertain to Equifax Inc. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17.

18. Equifax Inc. denies the allegations in Paragraph 18 as they pertain to Equifax Inc. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18.

19. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. Equifax Inc. denies the allegations in Paragraph 21.

22. Equifax Inc. denies the allegations in Paragraph 22 as they pertain to Equifax Inc. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22.

23. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24. Equifax Inc. denies the allegations in Paragraph 24 as they pertain to Equifax Inc. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24.

25. Equifax Inc. denies the allegations in Paragraph 25 as they pertain to Equifax Inc. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25.

26. Equifax Inc. denies the allegations in Paragraph 26 as they pertain to Equifax Inc. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26.

27. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28. Equifax Inc. denies the allegations in Paragraph 28 as they pertain to Equifax Inc. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28.

29. Equifax Inc. denies the allegations in Paragraph 29 as they pertain to Equifax Inc. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29.

30. Equifax Inc. states the provisions of the FCRA speak for themselves and to the extent Plaintiff misstates, misrepresents, and/or mischaracterizes the provisions of the FCRA the allegations in Paragraph 30 are denied.

31. Equifax Inc. denies the allegations in Paragraph 31 as they pertain to Equifax Inc. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31.

32. Equifax Inc. reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 31.

33. Equifax Inc. admits the allegations in Paragraph 33.

34. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36. Equifax Inc. reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 35.

37. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

38. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39.

40. Equifax Inc. reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 39.

41. Equifax Inc. admits the allegations in Paragraph 41.

42. Equifax Inc. denies the allegations in Paragraph 42.

43. Equifax Inc. denies the allegations in Paragraph 43 and denies Plaintiff is entitled to any relief claimed in the subsequent WHEREFORE Paragraph.

44. Equifax Inc. admits Plaintiff has demanded a trial by jury and likewise demands a jury trial in this case.

45. Any allegation in Plaintiff's Complaint not heretofore specifically responded to by Equifax Inc. is hereby denied.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax Inc. pleads the following defenses to the Complaint:

## FIRST DEFENSE

Plaintiff's damages, if any, were not caused by Equifax Inc., but by another person or entity for whom or for which Equifax Inc. is not responsible.

## SECOND DEFENSE

The Complaint is barred by the fault and negligence of other persons or entities and plaintiff's damages, if any, should be apportioned according to the principles of comparative fault.

## THIRD DEFENSE

Equifax Inc. is not a proper party to this action.

## FOURTH DEFENSE

Equifax Inc. is not a consumer reporting agency as defined by the FCRA.

## FIFTH DEFENSE

Equifax Inc. denies each and every averment of Plaintiff's Complaint not specifically admitted in this Answer.

## SIXTH DEFENSE

At all relevant times herein, the Plaintiff's alleged damages, which Equifax Inc. denies exist, were aggravated by the failure of the Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of his

failure to mitigate alleged losses.

## SEVENTH DEFENSE

Equifax Inc. reserves the right to assert additional defenses that it learns through the course of discovery.

**WHEREFORE**, having fully answered or otherwise responded to the allegations contained in Plaintiff's Complaint, Equifax Inc. prays that:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2) That Equifax Inc. be dismissed as a party to this action;

(3) That this lawsuit be deemed frivolous and Equifax Inc. recover from plaintiff its expenses of litigation, including but not limited to attorneys' fees pursuant to 15 U.S.C. § 1681n(c) and 15 U.S.C. § 1681o(b); and

(4) That Equifax Inc. recover such other and additional relief, as the Court deems just and appropriate.

Respectfully submitted this 20th day of February, 2018.

                                       */s/ Bradley J. Lingo*
                                       Bradley J. Lingo
                                       North Carolina Bar No. 44018
                                       *Attorneys for Defendant Equifax Inc.*
                                       KING & SPALDING LLP
                                       300 South Tryon Street
                                       Suite 1700
                                       Charlotte, North Carolina 28202
                                       Tel: (704) 503-2573
                                       Fax: (704) 503-2622
                                       blingo@kslaw.com
                                       LR 83.1 Counsel

Of Counsel:
Kendall W. Carter

KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel: (404) 572-4600
Fax: (404) 572-5100
kcarter@kslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of February, 2018, a copy of the foregoing pleading was filed electronically with the clerk of court via the Court's ECF system which will send notifications to ECF participants, and Plaintiff was served via U.S. Mail, postage prepaid:

Timothy Danehy
P. O. Box 301
Kittrell, NC 27544-0301
919-702-6842
PRO SE
*Pro Se Plaintiff*

*/s/ Bradley J. Lingo*
Bradley J. Lingo
North Carolina Bar No. 44018
*Attorneys for Defendant Equifax Inc.*
KING & SPALDING LLP
300 South Tryon Street
Suite 1700
Charlotte, North Carolina  28202
Tel:  (704) 503-2573
Fax: (704) 503-2622
blingo@kslaw.com
LR 83.1 Counsel