UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:18-CV-17-FL

| Timothy Danehy, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Defendant Experian Information Solutions, Inc.'s Amended Answer and Affirmative Defenses |
| Experian Information Solutions, Inc.; Trans Union LLC; Equifax, Inc., | ) ) ) | |
| Defendants. | ) ) ) | |

NOW COMES Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and answers Plaintiff Timothy Danehy's Complaint (the "Complaint") as follows:

## JURISDICTION[1]

1. In response to paragraph 1 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction based on 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Experian states that this is a legal conclusion which is not subject to denial or admission.

2. In response to paragraph 2 of the Complaint, Experian states that this is a legal conclusion which is not subject to denial or admission. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

---

[1] For ease of reference, Experian incorporated into its Answer the primary headings used by Plaintiff in the Complaint, although Experian does not adopt, either expressly or by implication, any statements contained in those headings. Experian has also numbered its paragraphs to mirror the numbering in the Complaint to facilitate review.

## PARTIES

3. In response to paragraph 3 of the Complaint, Experian admits the Plaintiff is Timothy Danehy. As to the remaining allegations, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 3 of the Complaint.

4. In response to paragraph 4 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) with a corporate office at 475 Anton Blvd., Costa Mesta, CA 92626. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 4 of the Complaint.

5. In response to paragraph 5 of the Complaint, Experian is at this time without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

6. In response to paragraph 6 of the Complaint, Experian is at this time without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## Venue

7. In response to paragraph 7 of the Complaint, Experian is at this time without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

8.  In response to paragraph 8 of the Complaint, Experian admits that Plaintiff has alleged venue in the Eastern District of North Carolina is proper.  Experian states that this is a legal conclusion which is not subject to denial or admission.

## **GENERAL ALLEGATIONS**

9.  In response to paragraph 9 of the Complaint, Experian admits Plaintiff sent a communication to Experian, requesting his consumer disclosure.  Experian further admits that a portion of that communication resembles a portion of Exhibit 1 of the Complaint.  Experian denies that it received the communication on November 13, 2017.  Upon information and belief, Experian states it received Plaintiff's communication on November 14, 2017.  Except as expressly admitted or otherwise addressed, Experian denies the allegations of paragraph 9.

10.  In response to paragraph 10 of the Complaint, Experian affirmatively states it sent Plaintiff's consumer disclosure to him.  Experian denies that the information provided to Plaintiff was not responsive to Plaintiff's request for his full consumer file disclosure.  Except as expressly admitted or otherwise addressed, Experian denies the allegations of paragraph 10.

11.  In response to paragraph 11 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

12.  In response to paragraph 12 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

13.  In response to paragraph 13 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14. In response to paragraph 14 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

15. In response to paragraph 15 of the Complaint, Experian admits that some allegations contained therein and in Exhibit 1 purport to describe what the Fair Credit Reporting Act requires. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 15 and Exhibit 1 inconsistent therewith. Experian further admits that some allegations purport to describe Exhibit 1. Experian avers that the Exhibit 1 speaks for itself. Except as expressly admitted or otherwise addressed, Experian denies the allegations of paragraph 15.

16. In response to paragraph 16 of the Complaint, Experian admits that Plaintiff attached what appears to be a copy of his driver's license and social security card to a communication sent to Experian. As to the remaining allegations, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

17. In response to paragraph 17 of the Complaint, Experian denies that it failed to comply with Plaintiff's request. Experian affirmatively states it provided Plaintiff with his consumer disclosure. Experian admits that Plaintiff sent another communication to Experian, requesting a full consumer file disclosure. Experian further admits that a copy of the earlier communication, social security card, and driver's license appear to be attached to the later communication. As to the remaining allegations, Experian is without knowledge or information

- 4 -
Case 5:18-cv-00017-FL   Document 22   Filed 03/13/18   Page 4 of 15

sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

18. In response to paragraph 18 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

19. In response to paragraph 19 of the Complaint, Experian admits that some allegations contained therein purport to describe what the Fair Credit Reporting Act requires. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 19 inconsistent therewith. Experian also admits it sent Plaintiff a letter, a portion of which resembles a portion of Exhibit 2. Except as expressly admitted or otherwise addressed, Experian denies the allegations of paragraph 19.

20. In response to paragraph 20 of the Complaint, Experian admits that some allegations contained therein purport to describe what the Fair Credit Reporting Act requires. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 20 inconsistent therewith. As to the remaining allegations, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 20 of the Complaint.

21. In response to paragraph 21 of the Complaint, Experian admits that some allegations contained therein purport to describe what the Fair Credit Reporting Act requires. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 21 inconsistent therewith. As to the remaining allegations, Experian does not have knowledge or information sufficient to form a belief as to the

truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 21 of the Complaint.

22. In response to paragraph 22 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 22 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

23. In response to paragraph 23 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 23 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

24. In response to paragraph 24 of the Complaint, Experian denies it has disclosed any false or misleading information to third parties regarding Plaintiff. Experian further denies it failed to disclose information to Plaintiff in accordance with the FCRA or other applicable laws. As to the remaining allegations in paragraph 24, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

25. In response to paragraph 25 of the Complaint, Experian admits that some allegations contained therein purport to describe what the Fair Credit Reporting Act requires. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that

basis, denies any allegations of paragraph 25 inconsistent therewith. Experian denies that it discloses more information regarding Plaintiff to third parties who request Plaintiff's file than it does to Plaintiff when he requests his file. Experian further denies that it failed to provide Plaintiff with his consumer disclosure. As to the remaining allegations, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 25 of the Complaint.

26. In response to paragraph 26 of the Complaint, Experian denies that it acted contrary to the law. As to the remaining allegations, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 26 of the Complaint.

27. In response to paragraph 27 of the Complaint, Experian states that some of the allegations are legal conclusions that are not subject to denial or admission. As to the other allegations in paragraph 27, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 27 of the Complaint.

28. In response to paragraph 28 of the Complaint, Experian denies that it has acted contrary to the FCRA and denies, generally and specifically, each and every remaining allegation contained in paragraph 28 relating to Experian. As to the allegations regarding other entities, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 28 of the Complaint.

29. In response to paragraph 29 of the Complaint, Experian denies that it has violated the FCRA and denies that it is liable to Plaintiff for any alleged damages. Experian further denies that it failed to provide a consumer disclosure to Plaintiff. As to the allegations in paragraph 29 of the Complaint that relate to the other defendants and Plaintiff's actions, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 29 of the Complaint.

30. In response to paragraph 30 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f). As to the remaining allegations in paragraph 30 of the Complaint, Experian admits that some allegations contained therein purport to describe what the Fair Credit Reporting Act requires. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 30 inconsistent therewith. As to the remaining allegations in paragraph 30 of the Complaint regarding other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 30 of the Complaint.

31. In response to paragraph 31 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is at this time without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## COUNT I

32. In response to paragraph 32 of the Complaint, Experian incorporates its responses to the allegations contained in Paragraphs 1-31 as if fully set forth herein.

33. In response to paragraph 33 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

34. In response to paragraph 34 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

35. In response to paragraph 35 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

In response to the unnumbered paragraph following paragraph 35 of the Complaint beginning "WHEREFORE," Experian denies, generally and specifically, that Plaintiff has suffered any damages or that he is entitled to judgment against Experian or to any relief whatsoever from Experian.

## COUNT II

36. In response to paragraph 36 of the Complaint, Experian incorporates its responses to the allegations contained in Paragraphs 1-35 as if fully set forth herein.

37. In response to paragraph 37 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph 37 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

38. In response to paragraph 38 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

39. In response to paragraph 39 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

In response to the unnumbered paragraph following paragraph 39 of the Complaint beginning "WHEREFORE," Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## **COUNT III**

40. In response to paragraph 40 of the Complaint, Experian incorporates its responses to the allegations contained in Paragraphs 1-39 as if fully set forth herein.

41. In response to paragraph 41 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

42. In response to paragraph 42 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

43. In response to paragraph 43 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

In response to the unnumbered paragraph following paragraph 43 of the Complaint beginning "WHEREFORE," Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## DEMAND FOR TRIAL BY JURY

In response to the unnumbered paragraph at the top of page 8 of the Complaint, Experian admits that Plaintiff has demanded trial by jury on all issues triable.

To the extent not admitted herein, all material allegations of the Complaint are denied.

## DEFENSES

In further response to the Complaint, Experian hereby pleads the following defenses and affirmative defenses on information and belief. By asserting the defenses set forth below, Experian does not allege or admit that it has the burden of proof or the burden of persuasion with respect to any of these defenses. Experian reserves the right to amend its answer and assert

additional defenses should investigation and discovery, which could not be completed before the deadline for filing an answer, indicate such defenses are warranted.

1. The Complaint and exhibits, and each cause of action thereof, fail to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian. The Complaint demonstrates that Experian complied with the Fair Credit Reporting Act and provided plaintiff with his consumer file disclosure in response to Plaintiff's November 2017 request.

2. To the extent Plaintiff has suffered any damages, he failed to mitigate his damages and costs. Upon information and belief, Plaintiff did not send Experian a dispute regarding any information contained in the consumer file disclosure that Experian provided Plaintiff in November 2017.

3. Experian alleges that if Plaintiff sustained any injuries as a result of disclosure of information to third parties, there were intervening, superseding causes leading to such alleged injuries, such as Plaintiff's derogatory trade lines, and, as such, any action on the part of Experian was not a proximate cause of the alleged injuries.

4. Any damages that Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff and his negligence. Therefore, Plaintiff is estopped and barred from recovery of any damages.

5. The Complaint, and each claim for relief therein that seeks equitable relief, are barred by the doctrine of unclean hands.

6. The Complaint does not allege facts sufficient to rise to the level of conduct required to recover punitive damages, especially since Experian provided Plaintiff with his consumer disclosure, and thus any implicit request for punitive damages is improper.

7. Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(A) That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(B) For costs of suit and attorneys' fees herein incurred; and

(C) For such other and further relief as the Court may deem just and proper.

Dated: March 13, 2018                                   Respectfully submitted,

/s/ Autumn Hamit Patterson
Autumn Hamit Patterson
JONES DAY
2727 North Harwood Street
Dallas, TX 75201
Tel.: (214) 969-2966
Fax: (214) 969-5100
ahpatterson@jonesday.com
Texas Bar No. 24092947
*Counsel for Defendant Experian Information Solutions, Inc.*

/s/ Ashley K. Brathwaite
Ashley K. Brathwaite
ELLIS & WINTERS LLP
P.O. Box 33550
Raleigh, NC 27636
Tel.: (919) 865-7000
Fax: (919) 865-7010
ashley.brathwaite@elliswinters.com
N.C. Bar No. 33830
*Local Civil Rule 83.1(d) Counsel for Defendant Experian Information Solutions, Inc.*

- 14 -
Case 5:18-cv-00017-FL   Document 22   Filed 03/13/18   Page 14 of 15

## CERTIFICATE OF SERVICE

     I hereby certify that on March 13, 2018, I electronically filed a true and correct copy of the foregoing Defendant Experian Information Solutions, Inc.'s Answer and Affirmative Defenses with the Clerk of the District Court of the Eastern District of North Carolina by using the CM/ECF system, which will send notification to the parties and attorneys of record in the case who are registered CM/ECF users. I further certify that I served a true and correct copy of the foregoing Defendant Experian Information Solutions, Inc.'s Answer and Affirmative Defenses via mail and email to Plaintiff at the following mailing address and email address:

Timothy Danehy
P.O. Box 301
Kittrell, NC 27544-0301
(919) 702-6842
Teefcra1@gmail.com

                                                       /s/ Ashley K. Brathwaite
                                                       Ashley K. Brathwaite