IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No.5:18-CV-00017-FL

| | |
|---|---|
| TIMOTHY DANEHY<br>*Plaintiff,*<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC and EQUIFAX, INC.<br><br>*Defendants.* | **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT TRANS UNION'S FRCP 12b(6) MOTION TO DISMISS** |

Timothy Danehy, (Plaintiff) asks this Honorable Court to deny Defendants motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and shows as follows:

## NATURE OF THE CASE

On January 19, 2018, Timothy Danehy ("Plaintiff") filed suit against Trans Union ("Defendant") seeking statutory damages and costs related to Defendant's violation of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681,*et seq.* Plaintiff made requests for his full consumer file disclosure pursuant to 15 U.S.C. § 1681g and Defendant failed to comply as required by *Id.* §1681g.

## FACTUAL BACKGROUND

Plaintiff made two very detailed and specific requests for his full consumer file disclosure pursuant to 15 U.S.C. § 1681g in an effort to obtain and review the information that Trans Union had in its files relating to him as a consumer. [Doc. 1-1, 1-3] The FCRA requires, among other obligations, that CRA's "clearly and accurately disclose", to a requesting consumer, "[a]ll information in the consumers file at the time of the request." 15 U. S. C. § 1681g(a)(1). Mr. Danehy did not ask for a credit report, a credit score, risk score, predictors or things relating to the processes and procedures of how Trans Union creates reports, maintains, analyzes or disseminates information relating to him or to its customers. He simply requested a full consumer file disclosure of what Trans Union was in possession of in any form or in any place that relates specifically to him is a consumer. [Doc. 1-2, 1-3] Mr. Danehy's request was an unambiguous and straightforward request made under the law. In response to each of Plaintiff's requests, Trans Union provided nothing more than a credit report. The first page greeting of each credit report stated, "enclosed is the Trans Union personal credit report that you requested." Plaintiff did not request a credit report but instead made a request for a full consumer file disclosure of all information contained in his Trans Union files and that is not what he received after multiple requests.

## STANDARD OF REVIEW

When considering Defendant's motion to dismiss, the court must construe the factual allegations in the complaint in the light most favorable to the Plaintiff. *Barker* v. *Riverside Cty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009); see *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). If the complaint provides fair notice of the claim and the factual allegations are sufficient to show that the right to relief is plausible, a court should deny the Defendant's motion. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 555-56; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

## ARGUMENT AND AUTHORITIES

**II.  Plaintiff's Complaint fails to plead facts sufficient to support a claim for relief pursuant to § 1681g**

Plaintiff made two very specific requests for his full consumer file disclosure pursuant to 15 U.S.C. §1681g. Each request was very specific, anticipating that Trans Union may respond by sending just his conventional credit report. [Doc. 1-2] When he received the first response which was exactly as anticipated, (a conventional credit report), he made a second and final very detailed request to be sure that Trans Union knew without any doubt what he was requesting, and entitled to, under the statute. [Doc 1-3] Once again, Trans Union responded with nothing more than a conventional credit report which was not responsive to his

3

request for his full consumer file disclosure. Mr. Danehy made no request for any credit score, or other risk scores or predictors and made no request for any information relating to any processes or procedures of Trans Union. Mr. Danehy's complaint pleads in detail precisely what he was asking for, and what Trans Union failed to do to comply with his request and his complaint is supported by exhibits.

1. **"Consumer file" is defined as the information contained in a consumer's disclosure/credit report**

    In its arguments for dismissal Trans Union immediately begins by conflating the words disclosure and credit report (disclosure/credit report) by arguing they are synonymous. Nowhere in the FCRA is the term "disclosure/credit report" used. A credit report is a disclosure of course... of credit information. That does not mean it is necessarily a disclosure of **all** information held in a consumers file at a certain time. The plain language of the FCRA requires, among other obligations, that CRA's "clearly and accurately disclose" to a requesting consumer "[a]ll information in the consumers file at the time of the request." 15 U.S.C. §1681g(a)(1). The FCRA defines "file" as "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored" *Id.* §1681a(g). The United States Court of Appeals for the Seventh Circuit has found that "[t]he term 'file' denotes all information on the consumer that is recorded and retained by a consumer reporting agency *that might be furnished, or has been furnished, in a consumer report on that*

4

*consumer." Gillespie v. Trans Union Corp.*, 482 F.3d 907, 909 (7th Cir. 2007) (emphasis in original) (citing 16 C.F.R. pt. 600, app. § 603). The Seventh Circuit has held that, although a consumer's "entire file" need not be disclosed upon request, "complete copies of their consumer reports" must be disclosed upon request. *Id.* The United States Court of Appeals for the Third Circuit has ruled that a CRA may not evade disclosure requirements by, for example, "contracting with a third party to store and maintain information that would otherwise clearly be part of the consumer's file and is included in a credit report," *Cortez v. Trans Union LLC*, 617 F.3d 688, 711 (3d Cir. 2010), or by using "[c]orporate organization, reorganization, structure, or restructuring." to circumvent reporting requirements. 12 C.F.R. §1022.140(a). *Jones v. Equifax* No. 3:15-CV-112-RJC-DSC United States District Court, W. D. North Carolina, Charlotte Division April 11, 2016. Defendants argument has no merit when looking at the plain language of the statute and case law.

2. **Plaintiff admits he received two copies of his consumer report/disclosure from Trans Union**

Plaintiff readily admits he received two copies of his **credit report** which is one type of disclosure. Mr. Danehy very specifically asked for something other than a credit report. He requested a full consumer file disclosure which would include "[a]ll information in the consumer's file at the time of the request." 15 U.S.C. § 1681g(a)(l). The FCRA defines "file" as "all of the information on that consumer recorded and retained by a consumer reporting agency regardless

5

of how the information is stored." *Id.* § 1681a(g) The fact that Trans Union sent Mr. Danehy a credit report does not equate to it providing his requested full consumer file disclosure UNLESS it, (Trans Union), has no other information in any of its files that relates to Mr. Danehy whether it **has** been or **might** be furnished in a consumer report of **any** kind. If that is the case why doesn't Trans Union just categorically state it has no other information in its files relating to Mr. Danehy in its motion to dismiss bringing this case to an end right now? Is it reasonable to believe Trans Union collects and maintains consumer information on hundreds of millions of consumers but Mr. Danehy is somehow an exception and they have no other information whatsoever about him when he is a consumer, a property owner and has been a renter? Is that plausible? Again, the court needs to stay on point that this case isn't about whether any information related to Mr. Danehy that Trans Union has or may have provided to a third party is accurate or not. The issue here is whether there was information in Trans Union's files at the time of Mr. Danehy's request that was required to have been provided to him pursuant to his lawful request and wasn't. THAT is the sole claim in this lawsuit and the only issue before this court. Defendant's argument that Mr. Danehy received the full consumer file disclosure that he specifically requested has no merit and should be rejected by the court.

3. **Plaintiff provides no factual basis for his assertion that the "Trans Union credit report" was not his "full consumer file disclosure"**

6

Mr. Danehy found evidence in the credit reports that Trans Union sent as a response to his request for full consumer file disclosure but because of the private personal information in those credit reports they couldn't be filed as exhibits without a protective order in place. If allowed to continue to the discovery phase those facts will be further developed.

Additionally, there are numerous consumer reports that are generated by the CRA's from information they have in their files regarding such things as rental history, criminal background, public records, employment etc. so the argument that all Trans Union had to do is provide information to Mr. Danehy that is specific to one particular consumer report (a credit report) is fatally flawed. Gillespie is not analogous to this case. Trans Union cites Gillespie as supporting its argument for dismissal. The issue in Gillespie was not whether Trans Union had provided a full file disclosure but rather that the Plaintiff brought the complaint because Trans Union failed to disclose ancillary items which the court found they are not required to do. Gillespie actually supports Mr. Danehy's claim when read in the proper context as to what is a full consumer file disclosure. Trans Union cites *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) and *Mathews v. Bowie County*, 2013 U.S. Dist. LEXIS 130978 (E.D. Tex. Sept. 13, 2013) in support of its argument on Plaintiffs information and belief statement. As is quite often the case the argument here by the Defendant actually supports Plaintiff in that 1) the facts here are peculiarly within the possession and control of the Defendant

7

and would have to be revealed in Discovery and 2) the information is based on factual information known by Plaintiff from other cases involving Trans Union specifically that provides an inference of facial plausibility to his claims. Trans Union's smokescreen defenses relating to Plaintiffs information and belief allegations are baseless.

## CONCLUSION

Trans Union knows full well as a major long-term player in the consumer reporting agency arena what the requirements of the FCRA are. They also know whether they have any information in their files that relate to Plaintiff which was not disclosed to him after his request. Nowhere in Trans Union's motion to dismiss do they categorically state that there is no additional information relating to the consumer, Timothy Danehy, in Trans Union's files. Without such a denial one can reasonably believe there is more information in the consumer's file that wasn't included in the credit reports that were sent. This case needs to go forward to discovery to answer that question factually

**WHEREFORE,** because the Defendant has failed to bring forth any cognizable or legitimate arguments for dismissal before this Honorable Court, Plaintiff respectfully requests the Court deny Defendant's Motion to dismiss and allow Plaintiff's claim to move forward to trial on the merits. In the event the Court finds that Plaintiff has failed to state a claim as alleged by Trans Union, Plaintiff requests leave of this court to file an Amended Complaint to cure any deficiencies identified by this Honorable Court.

This 14th day of March 2018.

Respectfully submitted,

By: /s/ Timothy Danehy
Timothy Danehy
P.O. Box 301
Kittrell, NC 27544-0301
(919) 702-6842
Teefcra1@gmail.com

## **CERTIFICATE OF SERVICE**

I, Timothy Danehy, certify that I have this day served the Defendants with a copy of the foregoing document by depositing with the United States Postal Service a copy of the same in a properly addressed envelope with adequate postage applied addressed to the following:

Ashley K. Brathwaite
N.C. Bar No. 33830
ELLIS & WINTERS LLP
P. O. Box 33550
Raleigh, NC 27636
Telephone: 919.865.7000
Fax: 919.865.7010
Email: ashley.brathwaite@elliswinters.com

Kelly S. Brown
N.C. State Bar No. 37829
Local Civil Rule 83.1 Counsel for
Defendant Trans Union LLC
P.O. Box 31627
Raleigh, NC 27622
Telephone: (919) 782-6860
Facsimile: (919) 782-6753
Email:
kelly.brown@youngmoorelaw.com

9

Bradley J. Lingo
North Carolina Bar No. 44018
Attorneys for Defendant Equifax Inc.
KING & SPALDING LLP
300 South Tryon Street
Suite 1700
Charlotte, North Carolina 28202
Tel: (704) 503-2573
Fax: (704) 503-2622
blingo@kslaw.com