IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:18-CV-17-FL

| | | |
|---|---|---|
| TIMOTHY DANEHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE MANAGEMENT |
| v. | ) | ORDER |
| | ) | |
| EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and EQUIFAX INC., | ) ) ) ) | |
| Defendants. | ) | |

Pursuant to Federal Rule of Civil Procedure 26(f), the parties conducted a pretrial conference by telephone in this case on March 7, 2018, with plaintiff appearing *pro se* and defendant Experian Information Solutions, Inc. ("Experian") appearing through counsel Ashley Brathwaite and Autumn Patterson; Equifax Inc. ("Equifax") appearing through counsel Kendall Carter; and Trans Union LLC ("Trans Union") appearing through counsel Joseph Williford and Danielle Evans. After reviewing the parties' join report and plan filed March 16, 2018 and considering the issues raised, the court orders the following:

**I. Discovery**

A. The parties shall exchange by **March 28, 2018**, the information required by Federal Rule of Civil Procedure 26(a)(1).

B. Discovery will be necessary on the following subjects: reference is made to the parties' joint report and plan.

C.  All discovery shall be commenced or served in time to be completed by **November 1, 2018.**

D.  The court incorporates herein by reference the parties' agreements regarding discovery of electronically stored information, as set forth at section 3(i) of the parties' joint report and plan. The court also notes that defendant Trans Union has filed a motion to dismiss for failure to state a claim, which is not yet ripe for ruling.

E.  No party shall serve more than 25 interrogatories and 35 requests for production to any other party. Responses are due 30 days after service of those interrogatories.

F.  No party shall serve more than 35 requests for admissions to any other party. Responses are due 30 days after service of those requests for admissions.

G.  There shall be no more than 6 depositions by each party.

H.  Each deposition shall be limited to 7 hours, unless otherwise agreed by the parties.

I.  Disclosures required by Federal Rule of Civil Procedure 26(a)(2), including reports from retained experts, shall be served by plaintiff by **August 31, 2018**, and by defendants by **October 1, 2018**. Disclosures and reports by any rebuttal experts shall be served by **October 15, 2018**. The parties shall serve any objections to such disclosures, other than objections pursuant to Federal Rules of Evidence 702, 703, or 705, Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999) or similar case law, **within fourteen (14) days** after service of the disclosures upon them. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2) has been

provided, such as lists of prior testimony and publications). These objections need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, the parties shall confer or make a reasonable effort to confer before filing any motion based on those objections.

J. Supplementations of disclosures under Federal Rule of Civil Procedure 26(e) shall be served at such times and under such circumstances as required by that rule. In addition, such supplemental disclosures shall be served by **September 20, 2018** except with respect to expert disclosures. The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify the universe of all witnesses and exhibits that probably or even might be used at trial other than solely for impeachment. The rationale for the mandatory supplemental disclosures 40 days before the discovery deadline is to put the opposing party in a realistic position to make strategic, tactical, and economic judgments about whether to take a particular deposition (or pursue follow-up "written" discovery) concerning a witness or exhibit disclosed by another party <u>before</u> the time allowed for discovery expires. Counsel and <u>pro se</u> litigants should bear in mind that seldom should anything be included in the final Rule 26(a)(3) pretrial disclosures that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial. <u>See</u> FED. R. CIV. P. 37(c)(1).

K. To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to

3

extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial. See FED. R. CIV. P. 29. Nor does this apply to modifying the requirements of Federal Rule of Civil Procedure 26(a)(2) concerning experts' reports.

L.  Discovery in this case may be governed by a protective order. If the parties disagree concerning the need for, and/or the scope or form of, a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum. If the parties agree concerning the need for and scope and form of a protective order, their counsel shall confer and then submit a jointly proposed protective order as soon as is practicable.

   1.  A jointly proposed protective order shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause for issuance of the protective order pursuant to Federal Rule of Civil Procedure 26(c).

   2.  Any proposed protective order shall set out the procedure for filing under seal confidential documents, things, and/or information, pursuant to the requirements of Stone v. University of Maryland Medical System Corp., 855 F.2d 178, 180-181 (4th Cir. 1988). Specifically, a proposed protective order shall include the following language: "Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum

of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court."

3. A proposed protective order also shall include the following language: "When a party seeks to file confidential documents, things, and/or information, including confidential portions of any transcript, a party shall submit such materials to the court in a sealed envelope or other appropriately sealed container, which covering shall be endorsed with the title of this action and a statement substantially in the following form: 'Filed Under Seal Pursuant to Protective Order.'"

4. Before ruling on any motion to seal the court will give the public notice of the motion and a reasonable opportunity to challenge it. While individual notice is unwarranted, the court will docket the motion reasonably in advance of deciding the issue, or, where applicable, the court will notify persons

present in courtroom proceedings of the motion. The court will rule favorably upon any motion to seal only after carefully weighing the interest advanced by the movant and those interests favoring public access to judicial documents and records, and only upon finding that the interests advanced by the movant override any constitutional or common law right of public access which may attach to the documents, things, and/or information at issue.

## II. Motions

A. Any motion shall be accompanied at time of filing with a proposed form of order, stating its requested relief.

B. Any motion for leave to join additional parties or to otherwise amend the pleadings shall be filed by **April 16, 2018**.

C. All other potentially dispositive motions shall be filed by **January 15, 2019**. All motions to exclude testimony of expert witnesses pursuant to Federal Rules of Evidence 702, 703, or 705, <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137 (1999), or similar case law, shall be filed by the deadline set for dispositive motions.[1] In conjunction with any such motion to exclude expert testimony or response thereto, the parties shall include where available all materials associated with the challenged expert, including resumes, reports, depositions, and objections to qualifications.

---

[1] Given the court's specific directives expressed herein, allowance by the Local Civil Rules for filing of motions in limine in advance of trial does not provide a renewed opportunity to file motions to exclude testimony of expert witnesses, absent showing that such issues could not have been raised at the time of deadline for filing dispositive motions.

6

E. Any motion to compel discovery shall be filed and served **within 30 days** of the act or omission in discovery complained of, unless the time for filing such a motion is extended for good cause shown. Such motions ordinarily will be referred to a magistrate judge for ruling.

F. Any motion to continue must conform with the requirements set forth in Local Civil Rule 6.1, and also include a detailed statement as to the reason for the requested continuance or extension of time together with the proposed order. Continuances will be granted only upon showing of good cause, particularly focusing upon the evidence of diligence by the party seeking delay and of prejudice that may result if the continuance is denied.

### III. Alternative Dispute Resolution ("ADR")

A. A settlement procedure is required in virtually every case, to be conducted before the final pretrial conference.

B. The court notes the suggestion of the utility of engaging a United States Magistrate Judge in court-hosted settlement conference. As the case proceeds to a point in which settlement may be most productive, the court DIRECTS the parties jointly or individually, to make an appropriate motion with three suggested, alternative, dates of availability for such settlement conference.

C. If at any time a settlement is reached, it shall be reported immediately to this court. The parties shall refer to Local Alternative Dispute Rule 101.1e for their specific obligations.

## IV. Pretrial and Trial Scheduling

After the court has ruled on any dispositive motion(s), the court will enter a scheduling order governing deadlines and procedures for final pretrial conference and trial, as appropriate.

This case management order shall not be modified except by leave of court upon a showing of good cause, and all requirements set forth in the court's Local Civil Rules governing pretrial and trial procedures not altered herein shall be strictly observed.

SO ORDERED, this the 20th day of March, 2018.


_____
LOUISE W. FLANAGAN
United States District Judge