IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil No. 5:18-cv-00017-FL

TIMOTHY DANEHY,

        Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and EQUIFAX, INC.

        Defendants.

**DEFENDANT TRANS UNION LLC'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO ITS FRCP 12(b)(6) MOTION TO DISMISS**

Defendant Trans Union LLC ("Trans Union") hereby files this Reply to Plaintiff's Memorandum in Opposition to Its FRCP 12(b)(6) Motion to Dismiss and would respectfully show the Court as follows:

**I. Plaintiff's Conclusory Averments Without Factual Enhancement Fail to State a Claim that Survive FRCP 12(b)(6) or Provide Adequate Notice under FRCP 8**

Nowhere in Plaintiff's Complaint or opposition are there any factual enhancements to support the conclusory averments that Trans Union allegedly violated § 1681(g). Plaintiff implies that hypothetically additional information might exist in Trans Union's files that should appear on his consumer disclosure. Plaintiff never states what is the allegedly missing information. No protective order is needed for Plaintiff to bring forward factual allegations of what specifically, not theoretically, he contends is missing.

Trans Union has not been provided notice of the basis of Plaintiff's claims. Vague and conclusory allegations are insufficient. To the extent Plaintiff implies rental history, criminal background, public records, or employment information should have been included on the

1

document he received from Trans Union, it appears to be based on a false understanding of the information Trans Union LLC collects. There are other consumer reporting agencies that may collect those categories of information. Trans Union LLC does not prepare consumer reports with rental history or criminal background information. There is extremely limited types of information on only some individuals in the category of public records or employment information. More importantly, Plaintiff does not allege that such information was missing from the consumer disclosures he received.

## II.     Plaintiff Concedes Trans Union Timely and Properly Responded to His Request

Plaintiff states that Trans Union "provided nothing more than a credit report." D.E. # 24 at 2. In the Motion to Dismiss Trans Union explained the different terms that are used. It appears from the Opposition that Plaintiff remains confused by the terms "consumer file disclosure," "consumer report," and "credit report." A credit report is not a defined term by the Fair Credit Reporting Act ("FCRA"). The FCRA uses the terms consumer report and consumer disclosure. The primary difference between a "consumer report" and "consumer disclosure" is the recipient. *Pettway v. Equifax Info. Servs., LLC*, 2010 U.S. Dist. LEXIS 13800, at *22 (S.D. Ala. Feb. 12, 2010). "Consumer reports" are generated by a credit reporting agency ("CRA") and delivered *to a third party* for use in deciding whether the consumer is eligible for credit or for other purposes. *Id.* (citing 15 U.S.C. § 1681a(d)) (emphasis added). In contrast, a "consumer disclosure" or "consumer file" is a CRA's file that is provided to the consumer, not to third parties, that contains information about the consumer recorded and retained by the CRA. *Id.* (citations omitted). Both consumer reports and consumer disclosures are often referred to as credit reports.

Here, Plaintiff concedes he received his "credit report" which in fact was his consumer disclosure. The definition of a consumer report requires delivery to a third party. There is no

2

allegation about a third party and thus Plaintiff's allegations do not assert a claim related to a consumer report as defined by the FCRA.

### III. Motion To Dismiss Does Not Include Affirmative Evidence

As the Court is well aware, a motion seeking dismissal with affirmative evidence attached is considered a motion for summary judgment under FRCP 56 rather than FRCP 12(b)(6). At this juncture, Trans Union filed a motion under Rule 12(b)(6) because Plaintiff failed to state a claim. The allegations in the Complaint do not include factual averments such that Trans Union is on notice of the basis of the claim. If this case is not disposed of at this juncture, Trans Union will provide affidavits and affirmative evidence with a motion for summary judgment to establish that Mr. Danehy received a full and complete copy of his consumer file disclosure as requested.

### IV. CONCLUSION

For the foregoing reasons, Trans Union respectfully requests that Trans Union's Motion to Dismiss is granted and Plaintiff's claim against Trans Union be dismissed with prejudice.

Respectfully submitted,

This 28th day of March, 2018.

        YOUNG MOORE AND HENDERSON, P.A.

    BY: /s/ Kelly S. Brown
        Kelly S. Brown
        N.C. State Bar No. 37829
        *Local Civil Rule 83.1 Counsel for*
        *Defendant Trans Union LLC*
        P.O. Box 31627
        Raleigh, NC 27622
        Telephone: (919) 782-6860
        Facsimile: (919) 782-6753
        Email: kelly.brown@youngmoorelaw.com

# CERTIFICATE OF SERVICE

This is to certify that on March 28, 2018, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel:

Ashley Kamphaus Brathwaite
ashley.brathwaite@elliswinters.com
Ellis & Winters, LLP
4131 Parklake Avenue, Suite 400
Raleigh, NC 27612
(919) 865-7000
(919) 865-7010 Fax
and
Autumn Hamit Patterson
ahpatterson@jonesday.com
Jones Day
2727 North Harwood Street
Dallas, TX 75201
(214) 969-2966
(214) 969-5100 Fax
*Counsel for Experian Information Solutions, Inc.*

Bradley Jason Lingo
blingo@kslaw.com
King & Spalding LLP
300 South Tyron Street, Suite 1700
Charlotte, NC 28202
(704) 503) 2573
(704) 503-2622 Fax
*Counsel for Equifax, Inc.*

I hereby certify that on March 28, 2018, I mailed by United States Postal Service and emailed the document to the following non-CM/ECF participants:

Timothy Danehy
P.O. Box 301
Kittrell, NC 27544-0301
(919) 702-6842
Teefcra1@gmail.com
*Pro Se Plaintiff*

        YOUNG MOORE AND HENDERSON, P.A.

BY: /s/ Kelly S. Brown
     Kelly S. Brown
     N.C. State Bar No. 37829
     *Local Civil Rule 83.1 Counsel for Defendant Trans Union LLC*
     P.O. Box 31627
     Raleigh, NC 27622
     Telephone: (919) 782-6860
     Facsimile: (919) 782-6753
     Email: kelly.brown@youngmoorelaw.com