IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil No. 5:18-cv-00017-FL

| | |
|---|---|
| TIMOTHY DANEHY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and EQUIFAX, INC. | ) ) ) |
| | ) |
| Defendants. | ) |

**DEFENDANT TRANS UNION LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

COMES NOW Defendant Trans Union LLC ("Trans Union") and files this Response in Opposition to Plaintiff's Motion for Leave to File Amended Complaint and would respectfully show the Court as follows:

## I. Background

On January 19, 2018, Plaintiff Timothy Danehy ("Plaintiff) filed his original Complaint alleging violations of the Fair Credit Reporting Act ("FCRA"). (DE 1). Trans Union filed a Motion to Dismiss and Memorandum in Support. (DE 8 and DE 9). On April 16, 2018, Plaintiff sought leave of Court to amend his original Complaint. (DE 33). Trans Union opposes the request. Plaintiff failed to allege sufficient facts to support any cause of action against Trans Union under the FCRA in either his Original Complaint or his First Amended Complaint. Trans Union refers the Court to its pending Motion to Dismiss and Memorandum in Support. (DE 8 and DE 9).

Additionally, Plaintiff's Motion for Leave to File Amended Complaint is misleading in that Plaintiff contends that such First Amended Complaint is being desired to merely correct "deficiencies in Plaintiff's Original Complaint" and allow "a necessary party to be added to this

action." What Plaintiff did not share with the Court is that his proposed First Amended Complaint adds a new cause of action against Defendant Trans Union for allegedly violating 15 U.S.C. 1681b by "providing a credit report to Danielle Evans" without a permissible purpose. (DE 33, ¶ 14, 50-52 of proposed First Amended Complaint). Plaintiff's First Amended Complaint refers to an "Exhibit 4" which shows a "cover letter signed by Danielle Evans" in support of this new allegation. (*Id.,* at ¶ 50).[1] As will be briefly discussed below, Plaintiff requested a copy of his consumer credit disclosure and Trans Union, through its regional counsel Danielle Evans, appropriately sent Plaintiff a copy. Accordingly, on its face, there is no claim as Ms. Evans was one and the same as Trans Union given her representation of the party Defendant, a fact that Plaintiff failed to share or detail in this new allegation. Given the facts of this case, including the agreed facts highlighted in its pending Motion to Dismiss, amendment is futile. Therefore, Plaintiff's Motion for Leave to File First Amended Complaint should be denied as to Plaintiff's claims against Defendant Trans Union.

## II. Motion to Amend Should be Denied Because Plaintiff's Proposed Amended Complaint is Futile

Futility is one of several factors enumerated by the Supreme Court which if found support denial of a motion to amend. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). "[A] district court may deny leave if amending the complaint would be futile — that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules." *Bolden v. McCabe, Weisberg & Conway, LLC,* Civil Action No. DKC 13-1265, 2014 U.S. Dist. LEXIS 32453, at *3-4 (D. Md. Mar. 13, 2014) (quoting *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.,* 525 F.3d 370, 376 (4th Cir. 2008)).

Said another way, courts will deny a motion to amend where the "proposed amended complaint [merely] recites elements of potential causes of action and does not show how

---

[1] Plaintiff never attached an Exhibit 4 to the proposed First Amended Complaint.

Defendant's actions amount to violations of the respective statutes." *Bolden,* Civil Action No. DKC 13-1265, 2014 U.S. Dist. LEXIS 32453, at *5 (citing *Qihui Huang v. Culberston*, Civil Action No. 10-cv-00944, 2011 U.S. Dist. LEXIS 157003 *1 (D. Md. Jan. 25, 2011)). Plaintiff simply repeats the same conclusory allegations. Plaintiff's proposed Amended Complaint, like his original Complaint, fails to state a claim against Trans Union upon which relief can be granted because no facts are articulated to support such claim. As such, granting Plaintiff leave to amend his complaint is a futile gesture that will only result in Trans Union incurring additional attorney's fees in its attempt to seek clarification and disposal of Plaintiff's conclusory allegations. Plaintiff continues to fail to provide any facts to substantiate his conclusory and generalized allegations that Trans Union violated the FCRA, as more fully laid out in Trans Union's pending Motion to Dismiss and Memorandum in Support. (DE 8 and DE 9).

As to Plaintiff's newly added allegation that Defendant Trans Union violated 15 U.S.C. § 1681b(a) by "providing a credit report to Danielle Evans" without a permissible purpose is simply without merit. In order to have a viable cause of action under 15 U.S.C. § 1681b(a), one must allege that a consumer report was furnished by a consumer reporting agency to a person that does not fit the limited circumstances outlined by the statute. *Id.* at § 1681b(a)(1)-(3). Because Danielle Evans is Trans Union's regional counsel, there was no "furnishing of a consumer report" to another "person" as Danielle Evans is Trans Union for purposes of Trans Union's representation under the statute. "An attorney is in an agency relationship with a client. 'North Carolina law has long recognized that an attorney-client relationship is based upon principles of agency…It is generally accepted that an attorney may act on behalf of his or her client.'" *Crist v. Crist*, 145 N.C. App. 418, 425, 550 S.E.2d 260, 265-266 (2001) (citation omitted). "The attorney-client relationship is an agency relationship. The attorney's acts and omissions within the scope of his or her employment are regarded as the client's acts...." *Williamson v. Bank of N.Y. Mellon, et al.*, 947 F.Supp.2d 704,

712 (citing *Gavenda v. Strata Energy, Inc.*, 705 S.W.2d 690, 693 (Tex.1986)).

Plaintiff is really arguing here that only a Trans Union employee, on behalf of Trans Union, can directly send him a copy of his consumer report, not Trans Union's legal counsel acting on its behalf. Plaintiff's position contradicts the scope of the attorney-client relationship in North Carolina where, "[a] lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation." N.C. St. B. Rev. R. Prof'l Conduct R. 1.2(a). Accordingly, Plaintiff's quest to amend his Complaint as to Trans Union is without merit and should be denied.

Plaintiff's proposed Amended Complaint does not correct Plaintiff's failure to state a claim upon which relief can be granted, does not provide any facts sufficient to support his claim against Trans Union nor put Trans Union on notice as to the basis of the claims asserted against it. Therefore, Plaintiff's Motion to Amend should be denied, Trans Union's Motion to Dismiss under Rule 12(b)(6) should be granted, and Plaintiff's Complaint should be dismissed with prejudice.

WHEREFORE, for the foregoing reasons, Trans Union respectfully requests that Plaintiff's Motion for Leave to File Amended Complaint be denied.

Date: May 7, 2018

Respectfully submitted,

/s/ Robert C. deRosset
ROBERT C. deROSSET
N.C. State Bar No. 27656
YOUNG, MOORE & HENDERSON, P.A.
*Counsel for Trans Union LLC*
3101 Glenwood Avenue, Suite 200
Raleigh, NC 27622
(919) 782-6860
(919) 782-6753 Fax
bob.derosset@youngmoorelaw.com

# CERTIFICATE OF SERVICE

This is to certify that on May 7, 2018, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel:

Ashley Kamphaus Brathwaite
ashley.brathwaite@elliswinters.com
Ellis & Winters, LLP
4131 Parklake Avenue, Suite 400
Raleigh, NC 27612
(919) 865-7000
(919) 865-7010 Fax
and
Autumn Hamit Patterson
ahpatterson@jonesday.com
Jones Day
2727 North Harwood Street
Dallas, TX 75201
(214) 969-2966
(214) 969-5100 Fax
*Counsel for Experian Information Solutions, Inc.*

Bradley Jason Lingo
blingo@kslaw.com
King & Spalding LLP
300 South Tyron Street, Suite 1700
Charlotte, NC 28202
(704) 503) 2573
(704) 503-2622 Fax
*Counsel for Equifax, Inc.*

and I hereby certify that I have mailed by United States Postal Service and emailed the document to the following non-CM/ECF participants:

Timothy Danehy
P.O. Box 301
Kittrell, NC 27544-0301
(919) 702-6842
Teefcra1@gmail.com
Fly_tim@yahoo.com
*Pro Se Plaintiff*

/s/ Robert C. deRosset
ROBERT C. deROSSET
N.C. State Bar No. 27656
YOUNG, MOORE & HENDERSON, P.A.
*Counsel for Trans Union LLC*
3101 Glenwood Avenue, Suite 200
Raleigh, NC 27622
(919) 782-6860
(919) 782-6753 Fax
bob.derosset@youngmoorelaw.com