IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CV-17-FL

| | |
|---|---|
| TIMOTHY DANEHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| EXPERIAN INFORMATION ) | |
| SOLUTION, INC; TRANS UNION LLC; ) | |
| and EQUIFAX, INC., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Defendant Trans Union LLC's ("Trans Union") motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), (DE 8),[1] and Plaintiff Timothy Danehy's ("Danehy") motion for leave to file amended complaint (DE 33). The motions have been fully briefed. In this posture, the issues raised are ripe for ruling. For the reasons that follow, defendant's motion is granted, and plaintiff's motion is granted in part as set forth herein.

## STATEMENT OF THE CASE

Plaintiff commenced this action pro se on January 19, 2018. Plaintiff asserts that defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. Specifically, plaintiff alleges that defendants failed to answer responsively his request for information regarding his credit.

---

[1] Defendants Experian Information Solution, Inc. ("Experian") and Equifax, Inc. ("Equifax") answered plaintiff's complaint and have not joined Defendant Trans Union LLC's motion.

Plaintiff seeks statutory damages of $1000.00, post judgment interest, attorney's fees,[2] and costs pursuant to 15 U.S.C. § 1681n from each defendant.

Defendant Trans Union filed the instant motion to dismiss on February 19, 2018. In support thereof, defendant argues that plaintiff interprets defendant's obligations under FCRA too broadly, defendant complied with plaintiff's request for information, and no violation of FCRA occurred on the basis of the allegations raised. In opposition, plaintiff argues that FCRA requires more than disclosing his credit report, and that he is entitled to a "full consumer file disclosure" of all information held by defendants. (DE 24 at 5-6). Plaintiff admits that he received two credit reports from Defendant Trans Union. (DE 24 at 5).

Plaintiff filed the instant motion to amend his complaint to "add an additional party and clarify claims made." (DE 33 at 1). His proposed amended complaint 1) provides more specific allegations of how defendants violated 15 U.S.C. § 1681g(a)(1), 2) adds Equifax Information Services LLC ("EIS") to the action as a defendant, 3) claims violation of plaintiff's Fourth Amendment right to be free of unreasonable searches and seizures, and 4) alleges that Defendant Trans Union provided a credit report without consent to Danielle Evans ("Evans") in violation of 15 U.S.C. § 1681b. In response to the motion for leave to amend, Defendant Trans Union reiterates its arguments in its motion to dismiss, and argues that no unauthorized disclosure occurred because Evans is defendant's regional counsel and thus an agent of defendant. Defendants Equifax and Experian did not respond in opposition to plaintiff's motion to amend.

The court previously entered its case management order (DE 26) requiring discovery be completed by November 1, 2018, motions for leave to amend pleadings be field by April 16, 2018,

---

[2] The court notes attorney's fees are not available to a pro se litigant. See Kay v. Ehrler, 499 U.S. 432, 435 (1991).

and all other potentially dispositive motions be filed by January 15, 2019. The court has since granted an extension of time (DE 40) so that discovery must be completed by January 30, 2019 and dispositive motions are due by April 15, 2019.

## STATEMENT OF THE FACTS

The facts alleged in the complaint can be summarized as follows. Plaintiff made a written request sent by certified mail to defendants for a copy of his "full consumer file disclosure" pursuant to 15 U.S.C. § 1681g(a)(1) of the FCRA. (Compl. ¶ 15). His request was received by Defendant Trans Union on November 13, 2017. (Id. ¶ 11). Plaintiff received a personal credit report. (Id. ¶ 12). Seeking additional information on his credit, plaintiff made a second and final request for a full consumer file disclosure pursuant to the FCRA of each defendant. (Id. ¶ 17). A copy of the initial letter was sent with the second request for clarification along with identification in the form of a copy of his current state driver's license and social security card. (Id.). In response to Plaintiff's second request for a full consumer file disclosure to Trans Union he received another personal credit report.[3] (Id. ¶ 20).

Plaintiff alleges, on information and belief, that defendants have retained additional information not on his credit report which could adversely affect his credit. (Id. ¶¶ 22-28). He asserts that he is entitled to review and dispute all information possessed by defendants which may have an impact on his credit. (See id. ¶¶ 24-28).

Additional facts pertinent to the motions will be discussed below.

---

[3]Similar requests by plaintiff were received by Defendants Equifax and Experian. (Compl. ¶¶ 9, 13, 17). After plaintiff's first request, Defendant Equifax asked plaintiff to pay a fee for a credit report, and Defendant Experian provided a free credit report. (Id. ¶¶ 10, 14). After plaintiff's second request, Equifax sent plaintiff his credit file and Experian sent plaintiff a letter. (Id. ¶¶ 19, 21).

3

# COURT'S DISCUSSION

A.     Standard of Review

Where, as here, a party seeks leave to amend after a responsive pleading or Rule 12(b) motion has been filed, the party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962).

With respect to futility, the court may deny leave to amend "if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." Katyle v. Penn Nat. Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011). A complaint states a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [the] evidence" required to prove the claim. Twombly, 550 U.S. at 556. In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

B. Analysis

   1.   Defendant's Motion to Dismiss

The FCRA requires that "[e]very consumer reporting agency shall, upon request, and subject to section 1681h(a)(1) of this title, clearly and accurately disclose to the consumer ... [a]ll information in the consumer's file at the time of the request ...." 15 U.S.C. § 1681g(a)(1). The FCRA defines "file" when used in connection with information on any consumer, as "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored." 15 U.S.C. § 1681a(g).

The Fourth Circuit has not interpreted the term "file" under 15 U.S.C. § 1681g(a)(1). However, related precedents suggest the term should be construed narrowly. The right of a consumer to view their consumer file and dispute the information that they find under the FCRA is related to the issuance of a consumer report.[4] See Berry v. Schulman, 807 F.3d 600, 605 (4th Cir. 2015) ("None of these protections [in FCRA] applies, however, unless and until a 'consumer report' has been issued"). Additionally, the Fourth Circuit has treated "[t]he sources of the information [in the consumer's file at the time of the request]" as synonymous with "source[ ] of ... information on an individual's credit report." See Dreher v. Experian Info. Sols., Inc., 856 F.3d 337, 340, 342, 344-45 (4th Cir. 2017) (discussing 15 U.S.C. § 1681g(a)(2)).

In light of Fourth Circuit precedent on related matters, the court adopts the prevailing interpretation among other circuits that "file," as used in 15 U.S.C. § 1681g(a)(1), means "all information on the consumer that is recorded and retained by a consumer reporting agency that might be furnished, or has been furnished, in a consumer report on that consumer." Shaw v.

---

[4]"The term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living...." 15 U.S.C. § 1681a(d)(1).

5

Experian Info. Sols., Inc., 891 F.3d 749, 759 (9th Cir. 2018); Cortez v. Trans Union, LLC, 617 F.3d 688, 711–12 (3d Cir. 2010); Gillespie v. Trans Union Corp. , 482 F.3d 907, 908 (7th Cir. 2007). A plaintiff can only allege information "might be furnished" if he shows defendant "included similar information in a consumer report in the past or that it plans to do so in the future." Gillespie, 482 F.3d at 909.

Taking the facts alleged in the complaint as true, the court is satisfied that defendant discharged its obligation under 15 U.S.C. § 1681g(a)(1). Plaintiff twice requested that Defendant Trans Union produce a "full consumer file disclosure." (Compl. ¶¶ 11, 17). After receiving each request, defendant sent plaintiff his credit report. (Id. ¶¶ 12, 20). Plaintiff is in possession of the information that would be disclosed by defendant to another party. Under FCRA, he is entitled to dispute the findings in that report and defendant must then conduct a further investigation. See Berry, 807 F.3d at 605. However, plaintiff relies on conclusory allegations that defendants provided credit reports to third parties with information not identifiable or contestable based on the credit reports provided to him. (Compl. ¶¶ 22-28). Such allegations fail to state a claim.

Plaintiff argues that 15 U.S.C. § 1681g(a)(1) requires disclosure of all information held by defendant. In support of his argument, plaintiff relies upon two circuit court cases: Gillespie v. Trans Union Corp. and Cortez v. Trans Union, LLC. Plaintiff's reliance upon these cases is misplaced.

In Gillespie v. Trans Union Corp., the Seventh Circuit interpreted "file" in § 1681g(a)(1) to include only information in a consumer's credit report. 482 F.3d 907, 908 (7th Cir. 2007). The court noted that, if read broadly, "file" would render the other disclosure provisions in 15 U.S.C. § 1681g superfluous. Gillespie, 482 F.3d at 909; see Sierra Club v. United States Dep't of the Interior, 899 F.3d 260, 291 (4th Cir. 2018) ("[W]e have an obligation to read statutory provisions in context

6

and to avoid rendering superfluous any parts thereof.). Moreover, the court found the legislative history of FCRA supported a narrow interpretation of the statute. "[15 U.S.C. § 1681g] explicitly requires consumer reporting agencies to provide, upon request, all information in the consumer's file. The Committee intends this language to ensure that a consumer will receive a copy of that <u>consumer's report</u>, rather than a summary of the information contained therein." <u>Gillespie</u>, 482 F.3d at 909 (quoting S. Rep. No. 104–185, at 41 (1995)) (emphasis in original).

Finally, the <u>Gillespie</u> court recognized the Federal Trade Commission's interpretation of § 1681g to require disclosure of "all information on the consumer that is recorded and retained by a consumer reporting agency that might be furnished, or has been furnished, in a consumer report on that consumer." <u>Gillespie</u>, 482 F.3d at 909. The court held that a plaintiff can only access information that "might be furnished" if he shows defendant "included similar information in a consumer report in the past or that it plans to do so in the future." <u>Id.</u> Plaintiff has made no such showing on the face of his complaint this case, instead relying on conclusory allegations that information was excluded from his credit report. (<u>E.g.</u>, Compl. ¶ 22).

Similarly, <u>Cortez</u> is inapposite for this case. There, the Third Circuit expressly declined to address the issue presently before the court. <u>Cortez</u>, 617 F.3d at 711 n. 27 ("We express no opinion on whether the term 'file' is limited to the information a credit reporting agency includes in the credit report. We note, however, that the term 'consumer report' is also defined in § 1681a and it is, thus, unlikely that Congress intended the two terms to mean exactly the same thing.").

Plaintiff's legal argument fails, and his complaint against Defendant Trans Union must be dismissed without prejudice.

2. Plaintiff's Motion to Amend

In plaintiff's proposed amended complaint, plaintiff alleges additional facts which state

7

claims against defendants for failure to comply with 15 U.S.C. § 1681g(a)(1). Plaintiff also seeks to add EIS to the action as a defendant. These portions of plaintiff's complaint clarify the issues in the case, are not futile, and the court grants leave to amend for these allegations for the reasons stated below.

However, the court also finds several of plaintiff's allegations futile. Plaintiff's claims regarding the Fourth Amendment and illegal disclosure under 15 U.S.C. § 1681b by Defendant Trans Union fail to state a claim and are not allowed to proceed for the reasons discussed herein.

    a.    15 U.S.C. § 1681g(a)(1)

Based on the interpretation of "file" discussed above, plaintiff is entitled to disclosure where he can allege that defendants "included similar information in a consumer report in the past or that it plans to do so in the future." Gillespie, 482 F.3d at 909. Moreover, the court is obligated "to liberally construe a pro se complaint." Kerr v. Marshall Univ. Bd. of Governors, 824 F.3d 62, 72 (4th Cir. 2016) (citing Jehovah v. Clarke, 798 F.3d 169, 176 (4th Cir. 2015)).

Here, plaintiff's proposed amended complaint alleges sufficient facts to state a claim against Defendant Trans Union. Specifically, plaintiff alleges that Defendant Trans Union opened its file on him in 1978, but did not explain what caused the opening of his file or why there was a seven year gap between 1978 and 1985, when other entries were made. (Proposed Compl. ¶ 23). Additionally, plaintiff alleges that Defendant Trans Union omitted a driver history report from its disclosure, which defendant would have allegedly included in plaintiff's credit report because he is a commercial truck driver. (Id. ¶ 35). Finally, plaintiff alleges that his research from LexisNexis shows a significant disparity between the information sourced from the credit reporting agencies and the information provided in his credit reports. (Id. ¶¶ 33, 38). These allegations, taken as true, plausibly state examples of information which Defendant Trans Union might have omitted from its

8

disclosure.

Similarly, plaintiff's amended complaint provides further discussion of the alleged omitted information from Experian and Equifax. (See, e.g., Proposed Compl. ¶¶ 19, 23, 33, 35). Experian and Equifax do not oppose plaintiff's motion for leave to amend.

Defendant Trans Union argues that plaintiff simply recites conclusory allegations from his original complaint. The court disagrees. In addition to repeating the allegations set forth in the original complaint, plaintiff articulates in specific terms types of information that he believes defendants failed to disclose to him. (Id.). Additionally, plaintiff supplements his allegations by demonstrating that he conducted research through LexisNexis and determined there was a significant disparity between information sourced from the credit reporting agencies and what was disclosed to him by sending him a credit report. (Id. ¶¶ 33, 38). Therefore, the court is satisfied that the interests of justice demand granting leave for to amend plaintiff's claims of violations under 15 U.S.C. § 1681g(a)(1).

      b.      Addition of EIS

In plaintiff's proposed amended complaint, he seeks to add EIS as a defendant, alleging that EIS and Equifax's other subsidiaries "operate as alter egos of one another and freely transfer communications from consumers, as well as consumer information and data based on consumer information and communications...." (Proposed Compl. ¶ 8). Plaintiff alleges that Equifax is the parent holding company of EIS, which is the operating company. (Id. ¶¶ 7-8). Plaintiff also alleges that Equifax contends EIS is the consumer reporting agency while simultaneously holding itself out as the operating entity. Equifax has not challenged the motion to amend. Therefore, the court grants the motion to amend with respect to adding EIS as a defendant.

c. Fourth Amendment

"The overriding function of the Fourth Amendment is to protect personal privacy and dignity against unwarranted intrusion by the State." Sims v. Labowitz, 885 F.3d 254, 260 (4th Cir. 2018). "[A] wrongful search or seizure conducted by a private party does not violate the Fourth Amendment Walter v. United States, 447 U.S. 649, 656 (1980) (citing Burdeau v. McDowell, 256 U.S. 465, 475, 41 S. Ct. 574, 576, 65 L. Ed. 1048 (1921)); see also United States v. Jones, 31 F.3d 1304, 1309 (4th Cir. 1994) ("If there is no government intrusion, the Fourth Amendment is not implicated."). Here, plaintiff's complaint is not against the government, but against Experian, Trans Union, Equifax, and EIS, private agencies that provide credit reporting services. Thus, plaintiff fails to state a claim under the Fourth Amendment, and such amendment is futile.

d. 15 U.S.C. § 1681b Claim

15 U.S.C. § 1681b sets out the circumstances under FCRA when a consumer report may be disclosed to third parties. Plaintiff's amended complaint asserts Defendant Trans Union violated 15 U.S.C. § 1681b by allowing Danielle Evans to obtain a credit report from defendant without his consent. (Proposed Compl. ¶¶ 51-52). Plaintiff's sole basis for this claim is that "[o]n February 21, 2018 Plaintiff received, via certified mail, a Trans Union personal credit report dated 02/16/2018 with a cover letter signed by Danielle Evans." (Proposed Compl. ¶¶ 50).

The court does not consider "bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, 591 F.3d at 255. Plaintiff does not allege any facts in his proposed complaint about who Danielle Evans is, how she came by a credit report from Trans Union, or any of the information in the cover letter allegedly

sent by Evans with the Trans Union credit report.[5] The only allegations that plaintiff seeks to raise in his proposed complaint are that he twice requested a credit report from Defendant Trans Union and Danielle Evans sent him a Trans Union credit report. (Proposed Compl. ¶¶ 22, 26, 50). Plaintiff's argument that Evans was sent a credit report by Trans Union without his consent does not "raise a right to relief above the speculative level" because the proposed complaint fails to allege facts about Evans that show she is not authorized to possess or send plaintiff his credit report. Twombly, 550 U.S. at 555. Therefore, plaintiff's proposed amendment is futile as to his § 1681b claim because it fails to state a claim upon which relief can be granted and would be dismissed without prejudice.

## CONCLUSION

Based on the foregoing, defendant Trans Union's motion (DE 8) to dismiss for failure to state a claim upon which relief can be granted is GRANTED. Plaintiff's motion (DE 33) for leave to file an amended complaint is GRANTED IN PART and DENIED IN PART as set forth herein. The clerk is DIRECTED to file as plaintiff's amended complaint the proposed amended complaint lodged at docket entry number 33-1. Only those claims specified herein shall proceed.

SO ORDERED, this the 26th day of September, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[5]Plaintiff's proposed complaint references the cover letter and Trans Union credit report as "exhibit 4." Plaintiff did not attach any such exhibit in support of his motion to amend. Therefore, the court finds plaintiff's allegations unsubstantiated.