RECEIVED⋀

APR 1 6 2018

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC

FILED

SEP 2 6 2018

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION
### Case No.5:18-CV-17-FL

| | |
|---|---|
| TIMOTHY DANEHY | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC.; TRANS UNION | ) |
| LLC; EQUIFAX, INC. and EQUIFAX | ) |
| INFORMATION SERVICES LLC. | ) |
| | ) |
| *Defendants.* | ) |

**PLAINTIFF'S 1ST AMENDED
COMPLAINT FOR VIOLATIONS OF THE
FCRA**

---

### COMPLAINT

Plaintiff, TIMOTHY DANEHY, complains against EXPERIAN INFORMATION

SOLUTIONS, INC.; TRANS UNION LLC; Danielle Evans; EQUIFAX, INC. and

EQUIFAX INFORMATION SERVICES LLC as follows:

### JURISDICTION

1. Jurisdiction in this case is based on the existence of a federal question. This

   action arises under the 4th amendment of the Constitution of the United

   States, the Fair Credit Reporting Act 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

   As is shown more fully in this complaint.

## CONDITIONS PRECEDENT

2. All conditions precedent to the bringing of this action have either been met or waived.

## PARTIES

3. The Plaintiff in this lawsuit is Timothy Danehy, a natural person and a consumer as defined in the Fair Credit Reporting Act (FCRA), domiciled in Vance County North Carolina.

4. Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. (Experian), along with its subsidiaries, affiliates and partners operates as a consumer reporting agency (CRA) regulated by the Fair Credit Reporting Act, (FCRA) 15 U.S.C. § 1681 *et. seq*. And maintains corporate offices at 475 Anton Blvd., Costa Mesa, CA 92626.

5. Defendant Equifax, Inc. (Equifax) along with its subsidiaries operates as a consumer reporting agency (CRA) regulated by the Fair Credit Reporting Act, (FCRA) 15 U.S.C. § 1681 *et. seq*. with Equifax Inc.'s, corporate offices at 1550 Peachtree Street NW, Atlanta, GA 30309.

6. Defendant EQUIFAX INFORMATION SERVICES LLC (EIS) operates as a consumer reporting agency (CRA) regulated by the Fair Credit Reporting Act, (FCRA) 15 U.S.C. § 1681 *et. seq*. with corporate offices at 1550 Peachtree Street NW, Atlanta, GA 30309

2

7. Equifax, Inc. Is the parent (holding company) of Equifax information services LLC (EIS). For purposes of the FCRA Equifax, Inc. Has held itself out repeatedly to consumers, regulators and the public generally as the actual operating entity. Even the United States Congress recognizes Equifax, Inc. as a consumer reporting agency. The branding, labels and disclosures on the Defendant's, consumer website, is dominated by "Equifax, Inc." titling[1]. Defendants' have held Equifax, Inc. out as the operating and responsible entity but argue in litigation that EIS is the consumer reporting agency not Equifax, Inc. How a company factually operates is what matters under the FCRA not how it says it operates.

8. Equifax, Inc. And its subsidiaries such as Equifax Information Services LLC (EIS) and Equifax Consumer Services, LLC (ECS) operate as alter egos of one another and freely transfer communications from consumers, as well as consumer information and data based on consumer information and communications, between those and numerous other "Equifax" entities for commercial purposes without restriction and to treat them as separate entities would promote fraud and sanction injustice.

9. The FCRA, through a rule mandated at § 1681x expressly prohibits "a consumer reporting agency from circumventing or evading treatment as a

---

1 https://www.equifax.com/personal/ (last visited on 4/11/2018)

nationwide consumer reporting agency" by means of corporate organization or restructuring and Equifax is doing precisely that.

10. Defendant Trans Union, LLC (Trans Union) along with its subsidiaries and affiliates operates as a consumer reporting agency regulated by the Fair Credit Reporting Act, (FCRA) 15 U.S.C. § 1681 *et. seq.* with corporate offices at 555 W. Adams St., Chicago, IL 60661.

## VENUE

11. The occurrences which give rise to this action occurred in Vance County, North Carolina and Plaintiff is domiciled in Vance County, North Carolina.

12. Venue is proper in the Eastern District of North Carolina.

## STATEMENT OF CLAIMS

13. As to Defendant Experian: Plaintiff made a request for a full consumer file disclosure which was not provided as required under 15 U.S.C. § 1681g.

14. As to Defendant Trans Union: Plaintiff made a request for a full consumer file disclosure which was not provided as required under 15 U.S.C. § 1681g. And, without a permissible purpose allowed under 15 U.S.C. § 1681b, Trans Union provided a credit report to Danielle Evans in contravention to 15 U.S.C. § 1681b. and 15 U.S.C. § 1681r.

4

15. As to Defendant's Equifax and EIS: Plaintiff made a request for a full consumer file disclosure which was not provided as required under 15 U.S.C. § 1681g.

## FACTUAL ALLEGATIONS

16. Plaintiff is enforcing his 4th Amendment Constitutionally protected right to be secure in his persons.

17. Plaintiff wanted to get his full consumer file disclosure to obtain all information recorded and maintained in Defendant's files and/or databases about him as 15 U.S.C. § 1681g(a)(1) states he is entitled. Every consumer reporting agency shall, upon request, and subject to § 1681h(a)(1) of this title, clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request. Plaintiff wrote to Experian, Trans Union and Equifax directly and made a very deliberate and specific request to obtain his full consumer file disclosure which he is entitled to under 15 U.S.C. § 1681g(a)(1), not a conventional credit report.

18. Plaintiff made a written request sent by certified mail for a copy of his full consumer file disclosure which was received by Experian on November 14, 2017. See [Exhibit1].

19. In response, from Experian, to his very specific request for his full consumer file disclosure Plaintiff received a document which stated it was a "credit

5

report" with a mere 18 pages of consumer information. The "credit report" Plaintiff received **did not** disclose the date that his consumer file was created. Plaintiff turned 18 years old in 1977 and Trans Union's consumer file on Plaintiff started in 1978. The first date in the report from Experian was 1985. Plaintiff needs to know the event that caused the creation of Experian's file and the date that the event occurred (neither of which were provided). Experian's reply to Plaintiff's request was not responsive to his request for all information in his file.

20. Plaintiff made a written request sent by certified mail for a copy of his full consumer file disclosure which was received by Equifax on November 13, 2017 see [Exhibit1].

21. In response to his very specific request for his full consumer file disclosure (which was Plaintiff's first request for a full consumer file disclosure in 12 months) Plaintiff received a letter from Equifax Information Services LLC which stated in part that he was not eligible for a free copy of his credit file. The letter was not responsive to his request for his full consumer file disclosure and he was told he would have to pay $11.50 to receive a copy of a disclosure. See [Exhibit 2].

6

22. Plaintiff made a written request sent by certified mail for a copy of his full consumer file disclosure which was received by Trans Union on November 13, 2017. See [Exhibit1].

23. In response to his very specific request for his full consumer file disclosure Plaintiff received a document which stated it was a Trans Union personal credit report with a mere 7 pages of consumer information. At the top of the Trans Union credit report it states, "you have been on our files since 04/01/1978". In searching the dates in the credit report, 1985 was the first year found other than Plaintiff's birth year. What event started the file with Trans Union in 1978 and what else is in the file from 1978 to 1985 that was not disclosed? That is a fact showing that the "credit report" was not responsive to his request for all information in his file as requested.

24. Plaintiff, in making the exact same request of Experian, Trans Union and Equifax, specified in detail exactly what specific sections of the FCRA requires each Defendant to provide a full consumer file disclosure at least once every 12 months at no charge when a request is made by a consumer. see [Exhibit1].

25. Plaintiff's request for a full consumer file disclosure from each Defendant was his first request for a full consumer file disclosure within 12 months and identification in the form of a legible copy of a Social Security card and a

7

legible copy of his current North Carolina driver's license was attached to the request for identification and location purposes.

26. After receiving a response from Experian, Trans Union and Equifax that did not comply with the request made, Plaintiff made a 2nd and final request for a full consumer file disclosure for all information in his files pursuant to the FCRA of Experian, Trans Union and Equifax. See Exhibit 3. A copy of the initial letter was sent with the 2nd request for clarification along with identification in the form of a legible copy of Plaintiff's Social Security card and current North Carolina driver's license for identification.

27. At no time did Plaintiff make any request for a credit report/disclosure or credit file from Experian, Trans Union and Equifax but instead was very specific and deliberate in requesting a full consumer file disclosure of all information in their files pursuant to 15 U.S.C. § 1681g(a)(1) as outlined in the initial request. See [Exhibit1].

28. In response to Plaintiff's 2nd request for a full consumer file disclosure to Experian he received another communication which stated, **"we were unable to honor your request or a portion of it**based on the limited amount of information regarding your dispute." which was not responsive to his request for all information as required by 15 U.S.C. § 1681g(a)(1).

8

29. In response to Plaintiff's 2nd request for a full consumer file disclosure to Equifax he received a document from "Equifax" referenced as "credit file, commonly called a consumer credit report." with only 22 pages of consumer information. Plaintiff needs to know the event that caused the creation of Equifax's file and the date that the event occurred (neither of which were provided). Equifax was not responsive to his request for all information in his file as required by 15 U.S.C. § 1681g(a)(1).

30. In response to Plaintiff's 2nd request for a full consumer file disclosure to Trans Union he received another document which stated it was a Trans Union personal credit report which contained just 7 pages of consumer information and was not responsive to his request for all information in his file as required by 15 U.S.C. § 1681g(a)(1).

31. 15 U.S.C. § 1681g(a)(1). requires that all information in the possession of the CRA at the time of the consumer's proper request be disclosed in response to that request. Nowhere in section 1681g does the statute limit that information to the scope of credit or credit related data which may be included in a conventional credit report. The plain language of the statute clearly states all information regardless of its nature must be provided other than clearly ancillary information excluded by section 1681g(1)(B) which Plaintiff clearly did not request. See [Exhibits 1, 2] Experian, Trans Union

9

and Equifax attempt to obfuscate the facts by using other terminologies than the plain language of the statute to describe what is required to be provided to Mr. Danehy upon his requests which were very simple, straightforward, clear and precise.

32. All documents provided to Experian, Trans Union and Equifax in relationship to identity and location information were in clearly legible form and in compliance with 15 U.S.C. § 1681h.

33. Plaintiff had requested and received a full consumer file disclosure from LexisNexis that contained 234 pages of consumer information including 10 individual consumer reports with substantial information about him contained in those individual reports being sourced from Equifax and Experian. The LexisNexis disclosure cited 8 different addresses that they sourced from Equifax. In the credit report that Equifax sent in response to my 2nd letter there were only 4 addresses. One of the 8 addresses in LexisNexis's disclosure (sourced from Equifax) was a New Hampshire address and plaintiff has never lived in New Hampshire. LexisNexis referred to the documents they produced as Plaintiffs "full file disclosure." Much of the information in those reports was sourced from Equifax and was information never previously provided in a conventional credit report Plaintiff had received from Equifax and some of the information was erroneous. There was

10

a monumental disparity between the number of pages of consumer information provided by LexisNexis at 234 pages versus just 7 to 22 pages in the documents provided by Experian, Trans Union and Equifax in response to the same request made to LexisNexis.

34. The LexisNexis disclosure also had voter registration information showing the plaintiff born in 1958, 1959 and 1960. Plaintiff knows he wasn't born in 3 different years, but this points out the importance of a **full consumer file disclosure** not only to secure persons (4th amendment) but also the Public and our Nation

35. Plaintiff received a DriverRisk consumer report dated 2/16/2018 from DRIVERS HISTORY. Under violation information, the report showed **2 DMV points** and a guilty disposition for a speeding violation. A quick "Ha Google" produced a webpage with TransUnion at the top of the page[2]. For the last 37 years, plaintiff has been a commercial truck driver hauling various hazardous material. Commercial driving is how plaintiff feeds his family and maintains a roof over their heads. Trans Union stated in its communications that it started a file on the plaintiff in 1978 but in the 2 credit reports they provided when asked for a full file disclosure there was no mention of a DriverRisk consumer report.

---

2 https://www.transunion.com/legal/drivers-history-report-consumer-disclosure-statement (last visited 4/16/2018)

36. With substantial information shown in the LexisNexis full file disclosure as being sourced substantially from Equifax and some from Experian it was reasonable for the Plaintiff to deduce that information required to have been disclosed by Defendants was not. How could the Defendants be "the big 3" in the consumer reporting business with so little information about Mr. Danehy in their files in comparison to what LexisNexis had? That is not logical. How could it be that Mr. Danehy was somehow exempted from the information gathering process as used by the "big 3" Defendant's which seemingly had so little information in its files in comparison to LexisNexis? That also is not logical. How could it be that LexisNexis provided substantial information about the Plaintiff that was sourced from Equifax, but Equifax didn't provide upon Plaintiff's request to them for a full consumer file disclosure? That is not logical to even the most unsophisticated consumer with little knowledge of the operations of the consumer reporting industry.

37. It was obvious to Plaintiff that information was being withheld by Defendants rather than being disclosed as required by the FCRA. Every consumer reporting agency sell upon request and subject to section 1681h(a) (1) of this title, clearly and accurately disclose to the consumer **all information in the consumer's file at the time of the request** 15 U.S.C. § 1681g(a)(1) (emphasis added) Defendants have deliberately, intentionally

12

and in violation of the law refused to provide all information in their files/databases that relates directly to Mr. Danehy.

38. LexisNexis is a consumer reporting agency as well and is governed by the FCRA just as the Defendants are. Plaintiff had no direct knowledge of specific information regarding himself that was in Defendant's files but had very good reason to believe there was substantial consumer information in their files based on the LexisNexis reports and publicity surrounding the Equifax hack. That information, if it existed, could only be obtained through requesting a full consumer file disclosure from Defendants pursuant to 15 U.S.C. § 1681g(a)(1) as he had from LexisNexis rather than asking for a conventional credit report as he had in the past either through annualcreditreport.com or directly from the Defendants.

39. Plaintiff did not request a credit report, credit disclosure, or anything else using the words "credit" or "report" in any manner from Experian, Trans Union and Equifax at any time related to this lawsuit but instead made a very deliberate and specific request for his full consumer file disclosure and nothing else. [Exhibit. 1, 2] there was no confusion whatsoever on Plaintiff's part as to exactly what he was asking for and what was required under 15 U.S.C. § 1681g(a)(1).

13

40. Upon information and belief there is substantial information relating to the Plaintiff that is contained in Experian, Trans Union and Equifax that has not been disclosed to him including, but not limited to, information that was previously shown in his credit reports that is now archived and additional information that is provided to his prospective creditors, insurers, employers and other 3rd parties who request information on Plaintiff that he has never seen or has been made aware of even after multiple lawful requests for it have been made.

41. Upon information and belief, the information Experian, Trans Union and Equifax did not disclose to Plaintiff may contain negative codes or erroneous account information, among other things, that is provided to prospective creditors, insurers or employers which directly affect how that prospective creditor, insurer or employer would view Plaintiff in terms of granting credit, rating insurance policies, providing employment are even providing housing.

42. This undisclosed information has never been provided to Plaintiff even when it was properly requested so he could examine it for accuracy and dispute if necessary. It could be blatantly false or at the least misleading and without disclosure by the Defendants Plaintiff would not have the opportunity to dispute the accuracy or veracity of the information in Defendant's files which he is legally entitled to under the FCRA. Disclosure of false or misleading

14

information to other parties, such as prospective creditors insurers or employers, that Plaintiff knows nothing about could paint him in a false light where he could be denied credit, housing, employment or pay higher interest rates on credit and higher premiums for insurance harming him substantially. The bottom line is he is entitled to that information after a proper request is made and it was not provided by Experian, Trans Union or Equifax.

43. Upon information and belief Defendants have far more information relating to Plaintiff in their files and/or databases including archived information beyond that which Plaintiff has ever had access to or had the opportunity to review for accuracy that is provided to others when they make a request for consumer information on him. This information has been properly requested by Plaintiff multiple times and is required to be disclosed under 15 U.S.C. § 1681g(a)(1) when a proper request is made by a consumer such as Mr. Danehy. Every consumer reporting agency shall, upon request, and subject to section 1681h(a)(1) of this title, clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request. 15 U.S.C. § 1681g(a)(1).

44. Experian, Trans Union and Equifax repeatedly refused to provide Plaintiff with his full consumer file disclosure after multiple requests. Plaintiff's

requests were very specific in nature so as not to be misconstrued as a request for a credit report, credit disclosure or some other thing by Defendants. Experian, Trans Union and Equifax attempt to obfuscate the request using terminology such as "disclosure, credit and report" in various forms and in doing so did not respond properly as required by law to Plaintiff's very simple, deliberate and legal requests. Plaintiff never made any request of Defendants that use the words "credit" or "report" in any manner or contacts but made a straightforward, deliberate and very clear request only for a full consumer file disclosure [exhibits 1, 2] to which he is entitled under 15 U.S.C. § 1681g(a)(1) and Experian, Trans Union and Equifax failed to provide his full consumer file disclosure which is all information in their files at the time the request as required by the FCRA.

45. Plaintiff clearly is not making any claim regarding information that has been provided to a 3rd party, nor is he disputing the accuracy of any information in his file or that may have been provided to a 3rd party. The main issue in this lawsuit revolves around the fact that he has not been provided all information in his full consumer file that may have been at some time in the past provided to a known or unknown 3rd party or might be provided at some time in the future to a 3rd party that he is entitled to have access to by law to review for accuracy.

16

46. Plaintiff made no request for information such as credit scores, default dates, predictors or other ancillary information related to how the Defendants hold and or manage the consumer information they have in their files on the individual consumers. [Exhibits 1, 2]'s the information requested by Plaintiff was a full consumer file disclosure of information directly related to him as a consumer that affects his credit worthiness, credit standing and credit capacity but also general reputation, personal characteristics, or mode of living among other things.

47. Because Plaintiff has not had access to undisclosed information, he therefore had no opportunity to review it, or dispute the accuracy of it if it is false. Yet it may be provided to potential creditors, housing providers, insurers and employers without his knowledge and is purposely and illegally being concealed from him. Plaintiff has the right to disclosure of that information, by law when it is properly requested. That was clearly the case here. Experian, Trans Union and Equifax failed to provide the proper full consumer file disclosures after multiple unambiguous requests were made.

48. upon information and belief when a report is provided by Experian, Trans Union and Equifax to a potential creditor, insurer or employer the information is provided in an encrypted format with instructions to the user that the consumer is not to be shown that information. There is no

17

prohibition in the law that information obtained by a user can't be provided to the consumer if the request for it is made by the consumer.

49. One can only surmise that there must be some nefarious reason why, information that is sent to a user in encrypted format with instructions to the user to conceal it from the consumer, should not be provided to the consumer. A reasonable assumption would be that it contains information that the consumer has never seen, and consumer reporting agencies don't want a consumer to see it. This is obviously not in concert with the mandate of full disclosure, clearly articulated in unambiguous plain language in the FCRA.

50. On February 21, 2018 Plaintiff received, via certified mail, a Trans Union personal credit report dated 02/16/2018 with a cover letter signed by Danielle Evans. [Exhibit 4]

51. Plaintiff never gave consent for Danielle Evans to pull his credit report.

52. Plaintiff never gave Trans Union consent to send a credit report to Danielle Evans.

53. Plaintiff made multiple deliberate and specific written requests of Experian, Trans Union and Equifax for a full consumer file disclosure of all information in his file to which he is entitled as clearly stated in 15 U.S.C. § 1681g(a)(1) and Experian, Trans Union and Equifax have failed to provide his full consumer file disclosure to Plaintiff and are therefore in contravention to the

18

FCRA. The claims made in this lawsuit are in no manner related to the debtor breach that occurred with Equifax. The claims herein are entirely focused on the very simple premise that Experian, Trans Union and Equifax failed to provide a full consumer file disclosure of all information in their files to Plaintiff upon his multiple requests as required by 15 U.S.C. § 1681g(a)(1). The alleged violations of all Defendants occurred within the past 2 years and are within the statute of limitations under the FCRA.

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT EXPERIAN INFORMATION SOLUTIONS INC.

54. Paragraphs 1 through 53 are re-alleged as though fully set forth herein.

55. Plaintiff is a consumer within the meeting of the FCRA, 15 U.S.C. § 1681a(c).

56. Experian operates as a consumer reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

57. Experian repeatedly failed to comply with Plaintiff's multiple requests for a **full consumer file disclosure** pursuant to 15 U.S.C. § 1681g(a)(1).

WHEREFORE, Plaintiff demands judgment for damages against Experian Information Solutions, Inc. for statutory damages of $1000.00, any at-

19

toney's or counsel fees, post judgment interest and all costs pursuant to 15 U.S.C. § 168In.

## COUNT II
## VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT TRANS UNION LLC

60. Paragraphs 1 through 53 are re-alleged as though fully set forth herein.

61. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

62. Trans Union operates as a consumer reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

63. without a permissible purpose allowed under 15 U.S.C. § 1681b, Trans Union provided a credit report to Danielle Evans in contravention to 15 U.S.C. § 1681b. and 15 U.S.C. § 1681r.

64. Trans Union repeatedly failed to comply with Plaintiffs multiple requests for a full consumer file disclosure pursuant to 15 U.S.C. § 1681g(a)(l).

WHEREFORE, Plaintiff demands judgment for damages against Trans Union for statutory damages of $1000.00 for each violation, any attorney's or counsel fees, post judgment interest and all costs pursuant to 15 U.S.C. § 1681n.

## COUNT III
## VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANTS EQUIFAX, INC. AND EQUIFAX INFORMATION SERVICES LLC

65. Paragraphs 1 through 53 are re-alleged as though fully set forth herein.

20

66. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

67. Equifax and its alter ego Equifax Information Services LLC operate as a consumer reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f). Equifax, Inc, and Equifax Information Services LLC repeatedly failed to comply with Plaintiff's multiple requests for a full consumer file disclosure pursuant to 15 U.S.C. § 1681g(a)(l).

WHEREFORE, Plaintiff demands judgment for damages against Equifax, Inc. and Equifax Information Services, LLC for statutory damages of $1000.00, any attorney's or counsel fees, post judgment interest and all costs pursuant to 15 U.S.C. § 168In.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

This 16th day of April 2018.

Respectfully submitted,

By:

Timothy Danehy
P.O. Box 301
Kittrell, NC 27544-0301
(919) 702-6842
Teefcra1@gmail.com

21

## CERTIFICATE OF SERVICE

I, Timothy Danehy, certify that I have this day served the Defendant's through counsel with a copy of the foregoing document by depositing with the United States Postal Service a copy of the same in a properly addressed envelope with adequate postage applied addressed to the following:

**Counsel for Defendant Experian Information Solutions, Inc.**
Ashley K. Brathwaite
ELLIS & WINTERS LLP
P. O. Box 33550
Raleigh, NC 27636

**Council for Defendant Trans Union, LLC**
Robert deRosset
Young Moore and Henderson, P.A
P.O. Box 31627
Raleigh, NC 27622

**Counsel for Defendant Equifax, Inc.**
Bradley J. Lingo
KING & SPALDING LLP
300 South Tryon Street Suite 1700
Charlotte, NC 28202

22