IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO 5:18-cv-00017-FL

| | |
|---|---|
| TIMOTHY DANEHY,<br><br>             Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and EQUIFAX, INC.<br><br>             Defendants. | |

**DEFENDANT TRANS UNION LLC'S ANSWER AND DEFENSES TO
PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW, Trans Union LLC ("Trans Union"), one of the Defendants herein, by and through its attorneys of record, and files its Answer and Defenses to Plaintiff's First Amended Complaint ("Complaint") filed by Timothy Danehy ("Plaintiff"). The paragraph numbers below correspond to the paragraph numbers contained in the Plaintiff's Complaint to the extent possible.

**JURISDICTION**

1.     Trans Union admits that pursuant to 28 U.S.C. § 1331, jurisdiction is appropriate in Federal Court, and that the district court has the authority to grant relief pursuant to 15 U.S.C. § 1681p. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 of the Complaint and, therefore, denies same.

## CONDITIONS PRECEDENT

2. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and, therefore, denies same.

## PARTIES

3. Trans Union admits that Plaintiff is a natural person, as defined by 15 U.S.C. § 1681a(b). Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 of the Complaint and, therefore, denies same.

4. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and, therefore, denies same.

5. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and, therefore, denies same.

6. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and, therefore, denies same.

7. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and, therefore, denies same.

8. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and, therefore, denies same.

9. Trans Union admits that Plaintiff has accurately quoted § 1681x of the FCRA. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the Complaint and, therefore, denies same.

10. Trans Union admits that it is a "consumer reporting agency" as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f). Trans Union admits that its principal place of business is located in Chicago, Illinois.

## VENUE

11. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and, therefore, denies same.

12. Trans Union admits, solely based on the allegations contained in Plaintiff's Complaint, that venue is appropriate in the Eastern District of North Carolina.

## STATEMENT OF CLAIMS

13. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and, therefore, denies same.

14. Trans Union admits that on or about November 13, 2017, and on or about December 21, 2017, it received correspondence from Plaintiff requesting his "full file disclosure." Trans Union also admits that on or about November 16, 2017, and December 22, 2017, it sent Plaintiff copies of his consumer disclosure. Trans Union further admits that on or about February 15, 2018, it was contacted by Plaintiff, via telephone, requesting a copy of his consumer disclosure. Due to the pending lawsuit, Danielle Evans, Trans Union's regional counsel at the time, sent Plaintiff the requested copy of his consumer disclosure on February 16, 2018. Trans Union denies the remaining allegations contained in paragraph 14 of the Complaint.

3

15. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and, therefore, denies same.

## FACTUAL ALLEGATIONS

16. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and, therefore, denies same.

17. Trans Union admits that on or about November 13, 2017, and December 21, 2017, it received correspondence from Plaintiff requesting his "full file disclosure." Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 of the Complaint, and, therefore, denies same.

18. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, or the authenticity of Exhibit 1, and, therefore, denies same.

19. Trans Union admits that Plaintiff has been in Trans Union's files since April 1, 1978. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 of the Complaint and, therefore, denies same.

20. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, or the authenticity of Exhibit 1, and, therefore, denies same.

21. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, or the authenticity of Exhibit 2, and, therefore, denies same.

22. Trans Union admits that on or about November 13, 2017, it received correspondence from Plaintiff requesting his "full file disclosure." Trans Union also admits that Exhibit 1 contains an accurate copy of the correspondence it received from Plaintiff on or about November 13, 2017.

23. Trans Union admits that on or about November 16, 2017, it sent Plaintiff a copy of his consumer disclosure. Trans Union also admits that Plaintiff's November 16, 2017 consumer disclosure states that Plaintiff has "been in our files since 04/01/1978." Trans Union further admits that the year 1985 appears on Plaintiff's November 16, 2017 consumer disclosure. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23 of the Complaint and, therefore, denies same.

24. Trans Union admits that Plaintiff's November 13, 2017 correspondence included specific provisions of the FCRA. Trans Union also admits that Exhibit 1 contains an accurate copy of the correspondence it received from Plaintiff on November 13, 2017. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, and, therefore, denies same.

25. Trans Union admits that Plaintiff's November 13, 2017 correspondence included copies of his social security card and driver's license. Trans Union denies the remaining allegations contained in paragraph 25 of the Complaint.

26. Trans Union admits that on or about December 21, 2017, it received correspondence from Plaintiff requesting his "full consumer file disclosure." Trans Union admits that Plaintiff's December 21, 2017 correspondence included copies of his social security card and driver's license. Trans Union further admits that Exhibit 3 contains an accurate copy of the correspondence it received from Plaintiff on December 21, 2017.

5

Case 5:18-cv-00017-FL   Document 44   Filed 10/10/18   Page 5 of 13

27. Trans Union admits that Plaintiff did not request a credit report. Trans Union also admits that Exhibit 1 contains an accurate copy of the correspondence it received from Plaintiff on November 13, 2017. Trans Union denies that it violated the FCRA or any other law relied upon by Plaintiff.

28. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint and, therefore, denies same.

29. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint and, therefore, denies same.

30. Trans Union admits that on or about December 22, 2017, it sent Plaintiff a copy of his consumer disclosure. Trans Union denies the remaining allegations contained in paragraph 30 of the Complaint.

31. Trans Union admits that Plaintiff has accurately quoted § 1681g(a)(1) of the FCRA. Trans Union also admits that Exhibit 1 contains an accurate copy of the correspondence it received from Plaintiff on November 13, 2017. Trans Union denies that it violated the FCRA or any other law relied upon by Plaintiff and denies the remaining allegations contained in paragraph 31 of the Complaint.

32. Trans Union denies the allegations contained in paragraph 32 of the Complaint.

33. Trans Union denies that it violated the FCRA or any other law relied upon by Plaintiff. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 33 of the Complaint and, therefore, denies same.

34. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and, therefore, denies same.

35. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint and, therefore, denies same.

36. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint and, therefore, denies same.

37. Trans Union admits that Plaintiff has accurately quoted § 1681g(a)(1) of the FCRA. Trans Union denies the remaining allegations contained in paragraph 37 of the Complaint.

38. Trans Union admits that it is a "consumer reporting agency" as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f). Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 38 of the Complaint and, therefore, denies same.

39. Trans Union admits that Plaintiff did not request a credit report. Trans Union also admits that Exhibit 1 contains an accurate copy of the correspondence it received from Plaintiff on or about November 13, 2017. Trans Union denies that it violated the FCRA or any other law relied upon by Plaintiff. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 39 of the Complaint and, therefore, denies same.

40. Trans Union denies the allegations contained in paragraph 40 of the Complaint.

41. Trans Union denies the allegations contained in paragraph 41 of the Complaint.

42. Tran Union denies the allegations contained in paragraph 42 of the Complaint.

43. Trans Union denies the allegations contained in paragraph 43 of the Complaint.

44. Trans Union admits that Plaintiff did not request a credit report. Trans Union further admits that Exhibit 1 contains an accurate copy of the correspondence it received from Plaintiff on or about November 13, 2017. Trans Union denies that it violated the FCRA or any other law relied upon by Plaintiff. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 44 of the Complaint and, therefore, denies same.

45. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint and, therefore, denies same.

46. Trans Union admits that in Plaintiff's November 13, 2017 correspondence, Plaintiff requested his "full file disclosure." Trans Union also admits that Exhibit 1 contains an accurate copy of the correspondence it received from Plaintiff on November 13, 2017. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 46 of the Complaint and, therefore, denies same.

47. Trans Union denies that it violated the FCRA or any other law relied upon by Plaintiff. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 47 of the Complaint and, therefore, denies same.

48. Trans Union denies the allegations contained in paragraph 48 of the Complaint.

49. Trans Union denies the allegations contained in paragraph 49 of the Complaint.

50. Trans Union admits that on or about February 16, 2018, Danielle Evans, Trans Union's regional counsel at the time, sent Plaintiff a copy of his consumer disclosure. Trans

8

Union denies that Plaintiff's Amended Complaint contains an Exhibit 4.

51. Trans Union admits that on or about February 15, 2018, it was contacted by Plaintiff, via telephone, requesting a copy of his consumer disclosure. Due to the pending lawsuit, Danielle Evans, Trans Union's regional counsel at the time, sent Plaintiff the requested copy of his consumer disclosure on February 16, 2018.

52. Trans Union admits that on or about February 15, 2018, it was contacted by Plaintiff, via telephone, requesting a copy of his consumer disclosure. Due to the pending lawsuit, Danielle Evans, Trans Union's regional counsel at the time, sent Plaintiff the requested copy of his consumer disclosure on February 16, 2018.

53. Trans Union admits that on or about November 13, 2017, and December 21, 2017, it received correspondence from Plaintiff requesting his "full file disclosure." Trans Union also admits that on or about November 16, 2017, and December 22, 2017, it sent Plaintiff copies of his consumer disclosure. Trans Union denies the remaining allegations contained in paragraph 53 of the Complaint.

**COUNT I**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT EXPERIAN INFORMATION SOLUTIONS INC.**

54. Trans Union restates and incorporates its responses to paragraphs 1–53 above as though fully stated herein.

55. Trans Union admits that Plaintiff is a consumer as defined in 15 U.S.C. § 1681a(c).

56. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint and, therefore, denies same.

57. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint and, therefore, denies same.

Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in the demand paragraph for Count I of the Complaint and, therefore, denies same.

## COUNT II
## VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT TRANS UNION LLC

60. [sic] Trans Union restates and incorporates its responses to paragraphs 1–57 above as though fully stated herein.

61. Trans Union admits that Plaintiff is a consumer as defined in 15 U.S.C. § 1681a(c) of the FCRA.

62. Trans Union admits that it is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) of the FCRA.

63. Trans Union denies the allegations contained in paragraph 63 of the Complaint.

64. Trans Union denies the allegations contained in paragraph 64 of the Complaint.

Trans Union denies the damages and relief sought in the demand paragraph for Count II of the Complaint.

## COUNT III
## VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT EQUIFAX, INC. AND EQUIFAX INFORMATION SERVICES LLC

65. [sic] Trans Union restates and incorporates its responses to paragraphs 1–64 above as though fully stated herein.

66. Trans Union admits that Plaintiff is a consumer as defined in 15 U.S.C. § 1681a(c) of the FCRA.

67. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint and, therefore, denies same.

Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in the demand paragraph for Count III of the Complaint and, therefore, denies same.

## DEMAND FOR TRIAL BY JURY

Trans Union admits that Plaintiff demands a trial by jury.

## **DEFENSES**

68. At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the FCRA and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

69. Trans Union alleges that any alleged damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of Plaintiff or others, over whom Trans Union has no control and for whom Trans Union has no responsibility.

70. Trans Union, in compliance with the FCRA, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiff.

71. Trans Union at all times acted in compliance with the FCRA.

72. Plaintiff's claims for exemplary or punitive damages and the FCRA damage model violate the Due Process Clause of the Fourteenth Amendment and the laws of the State of North Carolina.

11

73. Any alleged damages to Plaintiff, which Trans Union continues to deny, were caused in whole or in part by an intervening or superseding cause.

WHEREFORE, Defendant Trans Union LLC, respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant Trans Union its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the court deems just.

DATED: October 10, 2018

>
> Respectfully submitted,
>
> /s/ Robert C. deRosset
> Robert C. deRosset
> N.C. State Bar No. 27656
> *Counsel for Defendant Trans Union LLC*
> YOUNG, MOORE & HENDERSON, P.A.
> 3101 Glenwood Avenue, Suite 200
> Raleigh, NC 27622
> Telephone: (919) 782-6860
> Facsimile: (919) 782-6753 Fax
> bob.derosset@youngmoorelaw.com

12

Case 5:18-cv-00017-FL   Document 44   Filed 10/10/18   Page 12 of 13

# CERTIFICATE OF SERVICE

This is to certify that on October 10, 2018, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel:

Ashley Kamphaus Brathwaite
ashley.brathwaite@elliswinters.com
Ellis & Winters, LLP
4131 Parklake Avenue, Suite 400
Raleigh, NC 27612

And

Autumn Hammit Patterson
ahpatterson@jonesday.com
Jones Day
3161 Michelson Drive, Suite 800
Irvine, CA 92612

*Counsel for Experian Information Solutions, Inc.*

Bradley Jason Lingo
blingo@kslaw.com
King & Spalding LLP
300 South Tyron Street, Suite 1700
Charlotte, NC 28202
*Counsel for Equifax, Inc.*

and I hereby certify that I have mailed by United States Postal Service and emailed the document to the following non-CM/ECF participants:

Timothy Danehy
P.O. Box 301
Kittrell, NC 27544-0301
(919) 702-6842
Teefcra1@gmail.com
**Pro Se Plaintiff**

/s/ Robert C. deRosset
Robert C. deRosset
N.C. State Bar No. 27656
*Counsel for Defendant Trans Union LLC*
Young Moore and Henderson, PA
3101 Glenwood Avenue, Suite 200
Raleigh, NC 27622
Telephone: (919) 782-6860
Facsimile: (919) 782-6753 Fax
bob.derosset@youngmoorelaw.com