IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

TIMOTHY DANEHY, )
 )
    Plaintiff, )
 )
v. ) Civil Action No. 5:18-cv-00017-FL
 )
EXPERIAN INFORMATION )
SOLUTION, INC., et al., )
 )
    Defendant. )

**DEFENDANTS EQUIFAX INC. AND EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants, Equifax Inc. and Equifax Information Services LLC (sometimes collectively referred to herein as "Equifax Entities"), by Counsel, file their Answer and Defenses to Plaintiff's Complaint ("Complaint") as follows:

**PRELIMINARY STATEMENT**

In answering the Complaint, the Equifax Entities deny any and all allegations in the headings and/or unnumbered paragraphs in the Complaint. The Equifax Entities deny any allegations not specifically admitted in its Answer.

**ANSWER**

In response to the specific allegations in the enumerated paragraphs in the Complaint, the Equifax Entities responds as follows:

1. To the extent Plaintiff has properly alleged his claims, the Equifax Entities admit the Court may exercise its jurisdiction.

2. The Equifax Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3. The Equifax Entities admit Plaintiff is a natural person. The Equifax Entities are

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3.

4. The Equifax Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. Equifax Inc. denies the allegations in Paragraph 5.

6. The Equifax Entities admit the allegations in Paragraph 6.

7. The Equifax Entities admit that Equifax Information Services LLC is a wholly-owned subsidiary of Equifax Inc. The Equifax Entities admit that information on the Equifax Entities can be found at [www.equifax.com](www.equifax.com), the content of which changes periodically. To the extent that this paragraph states a legal conclusion regarding the FCRA, no response is required. Otherwise, the allegations in Paragraph 7 are denied.

8. To the extend this paragraph states a legal conclusion regarding the relationship between the Equifax Entities, no response is required. Otherwise, the allegations in Paragraph 8 are denied.

9. The Equifax Entities state that the FCRA speaks for itself and to the extent that the allegations state legal conclusions regarding the FCRA, no response is required. To the extent Plaintiff misstates, misquotes, or mischaracterizes the FCRA, Equifax denies the allegations in Paragraph 9.

10. The Equifax Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. The Equifax Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12. The Equifax Entities are without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 12.

13. The Equifax Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14. The Equifax Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15. Equifax Information Services LLC denies the allegations in Paragraph 15. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16. To the extent that this paragraph purports to assert a legal conclusion about the applicability of the Fourth Amendment, no response is required and the Equifax Entities refer Plaintiff to the Court's September 26, 2018 ruling. The Equifax Entities are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17. The Equifax Entities state that the FCRA speaks for itself and to the extent that the allegations state legal conclusions regarding the FCRA, no response is required. To the extent Plaintiff misstates, misquotes, or mischaracterizes the FCRA, the Equifax Entities deny the allegations in Paragraph 17. Equifax Information Services LLC admits it received letters from Plaintiff requesting a credit file disclosure. Equifax Information Services LLC states that the letters speak for themselves, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the contents of the letters, the allegations are denied. The Equifax Entities are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17.

18. The Equifax Entities are without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 18.

19. The Equifax Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20. Equifax Information Services LLC admits that it received letters from Plaintiff requesting his credit file disclosure. Equifax Information Services LLC states that the letter speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the contents of the letter, the allegations are denied. Otherwise, the Equifax Entities deny the remaining allegations in Paragraph 20.

21. Equifax Information Services LLC admits that it informed Plaintiff that he was not eligible for an additional copy of his annual free credit file disclosure. Equifax Information Services LLC states that the contents of its communications to Plaintiff speak for themselves. Otherwise, the Equifax Entities deny the remaining allegations in Paragraph 21.

22. The Equifax Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23. The Equifax Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24. Equifax Information Services LLC admits that it received letters from Plaintiff requesting a credit file disclosure. Equifax Information Services LLC states that the letters speak for themselves, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the contents of the letter, the allegations are denied. The Equifax Entities are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24.

25. Equifax Information Services LLC admits that it received letters from Plaintiff

requesting a credit file disclosure. Equifax Information Services LLC states that the letters speak for themselves, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the contents of the letter, the allegations are denied. The Equifax Entities are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25.

26. Equifax Information Services LLC admits that it received letters from Plaintiff requesting a credit file disclosure. Equifax Information Services LLC states that the letters speak for themselves, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the contents of the letter, the allegations are denied. The Equifax Entities are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26.

27. Equifax Information Services LLC states that the letters it received from Plaintiff speak for themselves, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the contents of the letters, the allegations are denied. To the extent this allegation calls for a legal conclusion regarding the nature of the request, no response is required. The Equifax Entities are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27.

28. The Equifax Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29. Equifax Information Services LLC denies the allegations in Paragraph 29 that pertain to it. The Equifax Entities are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 29.

30. The Equifax Entities are without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 30.

31. The Equifax Entities state that the FCRA speaks for itself, and to the extent that the allegations state legal conclusions regarding the FCRA, no response is required. To the extent Plaintiff misstates, misquotes, or mischaracterizes the FCRA, the Equifax Entities deny the allegations in Paragraph 31. The Equifax Entities deny the remaining allegations in Paragraph 31.

32. To the extent these allegations call for a legal conclusion, no response is required. Otherwise, the Equifax Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33. The Equifax Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33. To the extent that this paragraph alleges wrongdoing by the Equifax Entities, the Equifax Entities deny the allegations.

34. The Equifax Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34. To the extent that these allegations state legal conclusions regarding the Fourth Amendment, no response is required and the Equifax Entities refer Plaintiff to this Court's September 26, 2018 ruling.

35. The Equifax Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36. Paragraph 36 contains argument and legal conclusions, rather than factual allegations, to which no response is required. The Equifax Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36. To the extent that this paragraph alleges wrongdoing by the Equifax Entities, the Equifax Entities deny the allegations.

37. Paragraph 37 contains argument and legal conclusions, rather than factual allegations, to which no response is required. The Equifax Entities state that the FCRA speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the FCRA, the Equifax Entities deny the allegations in Paragraph 37. Equifax Information Services LLC denies the allegations in Paragraph 37 as they pertain to it. The Equifax Entities are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37.

38. The Equifax Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39. Equifax Information Services LLC states that the letters it received from Plaintiff speak for themselves, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the contents of the letters, the allegations are denied. The Equifax Entities are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39.

40. Equifax Information Services LLC denies the allegations in Paragraph 40 as they pertain to it. The Equifax Entities are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40.

41. Equifax Information Services LLC denies the allegations in Paragraph 41 as they pertain to it. The Equifax Entities are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41.

42. Paragraph 42 contains argument, speculation, and legal conclusions to which no response is required. Equifax Information Services LLC denies the allegations in Paragraph 42 as they pertain to it. The Equifax Entities are without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in Paragraph 42.

43. The Equifax Entities state that the FCRA speaks for itself and to the extent that the allegations state legal conclusions regarding the FCRA, no response is required. To the extent Plaintiff misstates, misquotes, or mischaracterizes the FCRA, the Equifax Entities deny the allegations in Paragraph 43. Equifax Information Services LLC denies the allegations in Paragraph 43 as they pertain to it. The Equifax Entities are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43.

44. Equifax Information Services LLC denies the allegations in Paragraph 44 as they pertain to it. The Equifax Entities are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44.

45. Equifax Information Services LLC denies the allegations in Paragraph 45 as they pertain to it. The Equifax Entities are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45. To the extent that Paragraph 45 sets forth Plaintiff's own theory of the case, no response is required and the Equifax Entities are without knowledge or information sufficient to form a belief as to the truth of those allegations.

46. Equifax Information Services LLC states that the letters it received from Plaintiff speak for themselves, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the contents of the letters, the allegations are denied. The Equifax Entities are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46.

47. Equifax Information Services LLC denies the allegations in Paragraph 47 as they pertain to it. The Equifax Entities are without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in Paragraph 47.

48. The Equifax Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48.

49. Paragraph 49 contains argument, speculation, and legal conclusions to which no response is required. Equifax Information Services LLC denies the allegations in Paragraph 49 as they pertain to it. The Equifax Entities are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49.

50. The Equifax Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50.

51. The Equifax Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51.

52. The Equifax Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52.

53. Equifax Information Services LLC states that the letters it received from Plaintiff speak for themselves, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the contents of the letters, the allegations are denied. Equifax Information Services LLC denies the remaining allegations in Paragraph 53 as they pertain to it. The Equifax Entities deny that their actions were in contravention of the FCRA and are otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53.

54. The Equifax Entities reassert and re-allege their responses and defenses as set forth above in Paragraphs 1 through 53. Otherwise, this paragraph is not directed to the Equifax Entities and therefore no response is required.

55. The Equifax Entities admit that Plaintiff is a consumer as defined by the FCRA. Otherwise, this paragraph is not directed to the Equifax Entities and therefore no response is required.

56. The Equifax Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56. Otherwise, this paragraph is not directed to the Equifax Entities and therefore no response is required.

57. The Equifax Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57. Otherwise, this paragraph is not directed to the Equifax Entities and therefore no response is required.

58. Paragraph 58 was omitted by Plaintiff.

59. Paragraph 59 was omitted by Plaintiff.

60. The Equifax Entities reassert and re-allege their responses and defenses as set forth above in Paragraphs 1 through 59. Otherwise, this paragraph is not directed to the Equifax Entities and therefore no response is required.

61. The Equifax Entities admit that Plaintiff is a consumer as defined by the FCRA. Otherwise, this paragraph is not directed to the Equifax Entities and therefore no response is required.

62. The Equifax Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62. Otherwise, this paragraph is not directed to the Equifax Entities and therefore no response is required.

63. The Equifax Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63. Otherwise, this paragraph is not directed to the Equifax Entities and therefore no response is required.

64. The Equifax Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64. Otherwise, this paragraph is not directed to the Equifax Entities and therefore no response is required.

65. The Equifax Entities reassert and re-allege their responses and defenses as set forth above in Paragraphs 1 through 64.

66. The Equifax Entities admit that Plaintiff is a consumer as defined by the FCRA.

67. Equifax Information Services LLC admits it operates as a consumer reporting agency. To the extent that this paragraph states legal conclusions, no response is required. The Equifax Entities deny the remaining allegations in Paragraph 67, including the WHEREFORE Paragraph, and deny that they should be subject to any form of liability related to the allegations in Plaintiff's First Amended Complaint. The Equifax Entities admit that Plaintiff demands a trial by jury.

## GENERAL DENIAL

The Equifax Entities deny any allegation not specifically admitted herein.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, the Equifax Entities plead the following defenses to the Complaint:

## FIRST DEFENSE

At all pertinent times, Equifax Information Services LLC maintained reasonable procedures to assure maximum possible accuracy in its credit reports.

## SECOND DEFENSE

The Equifax Entities have complied with the Fair Credit Reporting Act in the handling of Plaintiff's credit file and are entitled to each and every defense stated in the Act and any and all

limitations of liability.

### THIRD DEFENSE

At all relevant times herein, the Plaintiff's alleged damages, which the Equifax Entities deny exist, were aggravated by the failure of the Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of his failure to mitigate alleged losses.

### FOURTH DEFENSE

Plaintiff cannot meet the requirements of 15 U.S.C. § 1681n in order to recover punitive or statutory damages.

### FIFTH DEFENSE

The Equifax Entities adopt by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003), and *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007).

### SIXTH DEFENSE

Equifax Inc. is not a consumer reporting agency.

The Equifax Entities reserve the right to have additional defenses that it learns through the course of discovery.

**WHEREFORE**, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, the Equifax Entities pray that:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2) The Equifax Entities be dismissed as parties to this action;

(3) The Equifax Entities recover such other and additional relief as the Court deems just and appropriate.

Respectfully submitted this 11th day of October, 2018.

        */s/ Bradley J. Lingo*
        Bradley J. Lingo
        North Carolina Bar No. 44018
        *Attorneys for Defendants Equifax Inc. and Equifax*
        KING & SPALDING LLP
        300 South Tryon Street
        Suite 1700
        Charlotte, North Carolina 28202
        Tel: (704) 503-2573
        Fax: (704) 503-2622
        blingo@kslaw.com
        LR 83.1 Counsel

<u>Of Counsel:</u>
Kendall W. Carter
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel: (404) 572-4600
Fax: (404) 572-5100
kcarter@kslaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of October, 2018, a copy of the foregoing pleading was filed electronically with the clerk of court via the Court's ECF system which will send notifications to ECF participants, and Plaintiff was served via U.S. Mail, postage prepaid:

Timothy Danehy
P. O. Box 301
Kittrell, NC 27544-0301
*Pro Se Plaintiff*

Ashley Kamphaus Brathwaite
Ellis & Winters, LLP
4131 Parklake Avenue
Suite 400
Raleigh, NC 27612
Email: ashley.brathwaite@elliswinters.com

Autumn Hamit Patterson
Jones Day
2727 North Harwood Street
Dallas, TX 75201
Email: ahpatterson@jonesday.com
*Counsel for Experian Information Solution, Inc.*

Kelly Street Brown
Young, Moore & Henderson, P.A.
P.O. Box 31627
3101 Glenwood Avenue
Suite 200
Raleigh, NC 27622
Email: kes@youngmoorelaw.com
*Counsel for Trans Union LLC*

    */s/ Bradley J. Lingo*
    Bradley J. Lingo
    North Carolina Bar No. 44018
    *Attorneys for Defendant Equifax Inc.*
    KING & SPALDING LLP
    300 South Tryon Street
    Suite 1700
    Charlotte, North Carolina 28202
    Tel: (704) 503-2573
    Fax: (704) 503-2622
    blingo@kslaw.com
    LR 83.1 Counsel