UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil No. 5:18-cv-00017-FL

| | |
|---|---|
| TIMOTHY DANEHY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC.; TRANS UNION LLC; | ) |
| EQUIFAX, INC. and EQUIFAX | ) |
| INFORMATION SERVICES LLC | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COMES Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and answers Plaintiff Timothy Danehy's First Amended Complaint (the "Amended Complaint") as follows:

**JURISDICTION[1]**

1. In response to paragraph 1 of the Amended Complaint, Experian admits that Plaintiff has alleged jurisdiction based on the Constitution, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331. Experian states that this is a legal conclusion which is not subject to denial or admission.

**CONDITIONS PRECEDENT**

2. In response to paragraph 2 of the Amended Complaint, Experian states that this is a legal conclusion which is not subject to denial or admission. To the extent a response is

---

[1] For ease of reference, Experian incorporated into its Answer the primary headings used by Plaintiff in the Amended Complaint, although Experian does not adopt, either expressly or by implication, any statements contained in those headings. Experian has also numbered its paragraphs to mirror the numbering in the Amended Complaint to facilitate review.

required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## PARTIES

3. In response to paragraph 3 of the Amended Complaint, Experian admits Plaintiff is Timothy Danehy and a natural person. As to the remaining allegations in paragraph 3, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 3 of the Amended Complaint.

4. In response to paragraph 4 of the Amended Complaint, Experian admits that it, as a separate and distinct legal entity, is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) with a corporate office at 475 Anton Blvd., Costa Mesa, CA 92626. In response to the remaining allegations in paragraph 4 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

5. In response to paragraph 5 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

6. In response to paragraph 6 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

7. In response to paragraph 7 of the Amended Complaint, including the footnote, Experian is without knowledge or information sufficient to form a belief as to the truth of the

allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

8.  In response to paragraph 8 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

9.  In response to paragraph 9 of the Amended Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the federal Fair Credit Reporting Act ("FCRA"). Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 9 inconsistent therewith. As to the remaining allegations in paragraph 9, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 9 of the Amended Complaint.

10. In response to paragraph 10 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## VENUE

11. In response to paragraph 11 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

12. In response to paragraph 12 of the Amended Complaint, Experian admits that Plaintiff has alleged venue is proper in the Eastern District of North Carolina. Experian states that this is a legal conclusion which is not subject to denial or admission.

## STATEMENT OF CLAIMS

13. In response to paragraph 13 of the Amended Complaint, Experian admits that on or about November 14, 2017, and December 27, 2017, it received mail correspondence from Plaintiff, which correspondence speaks for itself. Experian states that it provided to Plaintiff all information required by 15 U.S.C. § 1681g. Except as specifically admitted, Experian denies, generally and specifically, each and every allegation of paragraph 13.

14. In response to paragraph 14 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

15. In response to paragraph 15 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## FACTUAL ALLEGATIONS

16. In response to paragraph 16 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein. *See* ECF No. 41 at p. 10.

17. In response to paragraph 17 of the Amended Complaint, Experian admits that certain allegations contained therein appear to set forth a portion of the FCRA. Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 17 inconsistent therewith. As to the remaining allegations in paragraph 17, Experian

is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 17 of the Amended Complaint.

18. In response to paragraph 18 of the Amended Complaint, Experian admits that on or about November 14, 2017, it received mail correspondence from Plaintiff, which correspondence speaks for itself. Experian further states that paragraph 18 refers to Exhibit 1. Said exhibit speaks for itself, and on that basis, Experian denies any allegations of paragraph 18 inconsistent therewith. Except as specifically admitted, Experian denies, generally and specifically, each and every allegation of paragraph 18.

19. In response to paragraph 19 of the Amended Complaint, Experian admits that on or about November 14, 2017, it received mail correspondence from Plaintiff, which correspondence speaks for itself. Experian further admits that it responded on or about November 20, 2017, by sending correspondence to Plaintiff via mail, which correspondence also speaks for itself. Except as specifically admitted, Experian denies, generally and specifically, each and every allegation of paragraph 18 that relates to Experian. As to the remaining allegations in paragraph 19, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 19 of the Amended Complaint.

20. In response to paragraph 20 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein. Experian further states that paragraph 20 refers to Exhibit 1. Said exhibit speaks for itself, and on that basis, Experian denies any allegations of paragraph 20 inconsistent therewith.

21. In response to paragraph 21 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein. Experian further states that paragraph 21 refers to Exhibit 2. Said exhibit speaks for itself, and on that basis, Experian denies any allegations of paragraph 21 inconsistent therewith.

22. In response to paragraph 22 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein. Experian further states that paragraph 22 refers to Exhibit 1. Said exhibit speaks for itself, and on that basis, Experian denies any allegations of paragraph 22 inconsistent therewith.

23. In response to paragraph 23 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

24. In response to paragraph 24 of the Amended Complaint, Experian admits that certain allegations contained therein appear to set forth a portion of the FCRA. Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 24 inconsistent therewith. Experian further states that paragraph 24 refers to Exhibit 1. Said exhibit speaks for itself, and on that basis, Experian denies any allegations of paragraph 24 inconsistent therewith. Except as specifically admitted, Experian denies, generally and specifically, each and every allegation of paragraph 24.

25. In response to paragraph 25 of the Amended Complaint, Experian admits that on or about November 14, 2017, it received mail correspondence from Plaintiff, which

correspondence speaks for itself. As to the remaining allegations in paragraph 25, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 25 of the Amended Complaint.

26. In response to paragraph 26 of the Amended Complaint, Experian admits that on or about December 27, 2017, it received mail correspondence from Plaintiff, which correspondence speaks for itself. Experian further states that paragraph 26 refers to Exhibit 3. Said exhibit speaks for itself, and on that basis, Experian denies any allegations of paragraph 26 inconsistent therewith. As to the remaining allegations in paragraph 26, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 26 of the Amended Complaint.

27. In response to paragraph 27 of the Amended Complaint, Experian states that paragraph 27 refers to Exhibit 1. Said exhibit speaks for itself, and on that basis, Experian denies any allegations of paragraph 27 inconsistent therewith. Experian also denies, generally and specifically, each and every allegation of paragraph 27 that relates to Experian. As to the remaining allegations in paragraph 27, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 27 of the Amended Complaint.

28. In response to paragraph 28 of the Amended Complaint, Experian admits that on or about December 27, 2017, it received mail correspondence from Plaintiff, which correspondence speaks for itself. Experian further admits that it responded on or about January 4, 2018, by sending correspondence to Plaintiff via mail, which correspondence also

- 7 -
Case 5:18-cv-00017-FL   Document 47   Filed 10/11/18   Page 7 of 20

speaks for itself. Experian also states that certain allegations contained in paragraph 28 are legal conclusions not subject to admission or denial. Except as specifically admitted, Experian denies, generally and specifically, each and every allegation of paragraph 28.

29. In response to paragraph 29 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

30. In response to paragraph 30 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

31. In response to paragraph 31 of the Amended Complaint, Experian admits that certain allegations contained therein appear to set forth a portion of the FCRA. Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 31 inconsistent therewith. Experian further states that paragraph 31 refers to Exhibits 1 and 2. Said exhibits speak for themselves, and on that basis, Experian denies any allegations of paragraph 31 inconsistent therewith. Experian also denies, generally and specifically, each and every allegation of paragraph 31 that relates to Experian. As to the remaining allegations in paragraph 31, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 31 of the Amended Complaint.

32. In response to paragraph 32 of the Amended Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the

extent a response is required, Experian admits that on or about November 14, 2017, and December 27, 2017, it received mail correspondence from Plaintiff, which correspondence speaks for itself.

33. In response to paragraph 33 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

34. In response to paragraph 34 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

35. In response to paragraph 35 of the Amended Complaint, including the footnote, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

36. In response to paragraph 36 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

37. In response to paragraph 37 of the Amended Complaint, Experian admits that certain allegations contained therein appear to set forth a portion of the FCRA. Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 37 inconsistent therewith. Experian also denies, generally and specifically, each and

every allegation of paragraph 37 that relates to Experian. As to the remaining allegations in paragraph 37, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 37 of the Amended Complaint.

38. In response to paragraph 38 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

39. In response to paragraph 39 of the Amended Complaint, Experian admits that on or about November 14, 2017, and December 27, 2017, it received mail correspondence from Plaintiff, which correspondence speaks for itself. Experian denies any allegations of paragraph 39 inconsistent with said correspondence. Experian further states that paragraph 39 refers to Exhibits 1 and 2. Said exhibits speak for themselves, and on that basis, Experian denies any allegations of paragraph 39 inconsistent therewith. As to the remaining allegations in paragraph 39, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 39 of the Amended Complaint

40. In response to paragraph 40 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 40, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 40 of the Amended Complaint.

41. In response to paragraph 41 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 41, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 41 of the Amended Complaint.

42. In response to paragraph 42 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 42, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 42 of the Amended Complaint.

43. In response to paragraph 43 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian also states that certain allegations contained in paragraph 43 are legal conclusions not subject to admission or denial. As to the remaining allegations in paragraph 43, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 43 of the Amended Complaint.

44. In response to paragraph 44 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian also states that certain allegations contained in paragraph 44 are legal conclusions not subject to admission or denial. Experian further states that paragraph 44 refers to Exhibits 1 and

2. Said exhibits speak for themselves, and on that basis, Experian denies any allegations of paragraph 44 inconsistent therewith. As to the remaining allegations in paragraph 44, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 44 of the Amended Complaint.

45. In response to paragraph 45 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

46. In response to paragraph 46 of the Amended Complaint, Experian states that it refers to Exhibits 1 and 2. Said exhibits speak for themselves, and on that basis, Experian denies any allegations of paragraph 46 inconsistent therewith. As to the remaining allegations in paragraph 46, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 46 of the Amended Complaint.

47. In response to paragraph 47 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian also states that certain allegations contained in paragraph 47 are legal conclusions not subject to admission or denial. As to the remaining allegations in paragraph 47, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 47 of the Amended Complaint.

48. In response to paragraph 48 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

49. In response to paragraph 49 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 49, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 49 of the Amended Complaint.

50. In response to paragraph 50 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein. Experian further states that paragraph 50 refers to Exhibit 4. Said exhibit speaks for itself, and on that basis, Experian denies any allegations of paragraph 50 inconsistent therewith.

51. In response to paragraph 51 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

52. In response to paragraph 52 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

53. In response to paragraph 53 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian also states that certain allegations contained in paragraph 53 are legal conclusions not subject to admission or denial. As to the remaining allegations in paragraph 53, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 53 of the Amended Complaint.

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, WILLFUL NON-COMPLIANCE BY DEFENDANT EXPERIAN INFORMATION SOLUTIONS INC.

54. In response to paragraph 54 of the Amended Complaint, Experian repeats, realleges, and incorporates by reference paragraphs 1 through 53 above, as though fully set forth herein.

55. In response to paragraph 55 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

56. In response to paragraph 56 of the Amended Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

57. In response to paragraph 57 of the Amended Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained in paragraph 57.

In response to the unnumbered paragraph following paragraph 57 of the Amended Complaint beginning "WHEREFORE," Experian denies, generally and specifically, that Plaintiff has suffered any damages, or that he is entitled to judgment against Experian or to any relief whatsoever from Experian.

## COUNT II

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, WILLFUL NON-COMPLIANCE BY DEFENDANT TRANS UNION LLC

60. In response to paragraph 60 of the Amended Complaint, Experian repeats, realleges, and incorporates by reference paragraphs 1 through 59 above, as though fully set forth herein.

61. In response to paragraph 61 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

62. In response to paragraph 62 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

63. In response to paragraph 63 of the Amended Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

64. In response to paragraph 64 of the Amended Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

In response to the unnumbered paragraph following paragraph 64 of the Amended Complaint beginning "WHEREFORE," Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## COUNT III

## VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, WILLFUL NON-COMPLIANCE BY DEFENDANTS EQUIFAX, INC. AND EQUIFAX INFORMATION SERVICES LLC

65. In response to paragraph 65 of the Amended Complaint, Experian repeats, realleges, and incorporates by reference paragraphs 1 through 64 above, as though fully set forth herein.

66. In response to paragraph 66 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

67. In response to paragraph 67 of the Amended Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

In response to the unnumbered paragraph following paragraph 67 of the Amended Complaint beginning "WHEREFORE," Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**RESPONSE TO DEMAND FOR TRIAL BY JURY**

Experian admits that Plaintiff has demanded trial by jury on all issues triable.

To the extent not admitted herein, all material allegations of the Amended Complaint are denied.

**DEFENSES**

In further response to the Amended Complaint, Experian hereby pleads the following defenses and affirmative defenses on information and belief. By asserting the defenses set forth below, Experian does not allege or admit that it has the burden of proof or the burden of persuasion with respect to any of these defenses. Experian reserves the right to amend its answer and assert additional defenses should investigation and discovery, which could not be completed before the deadline for filing an answer, indicate such defenses are warranted.

1. The Amended Complaint and exhibits, and each cause of action thereof, fail to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian. The Amended Complaint demonstrates that Experian complied with the FCRA.

2. To the extent Plaintiff has suffered any actual damages, he failed to mitigate his damages and costs.

3. Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and resulted

from Plaintiff's own negligence, which equaled or exceeded any alleged negligence or wrongdoing by Experian.

4. Any damages that Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff and his negligence. Therefore, Plaintiff is estopped and barred from recovery of any damages.

5. The Amended Complaint, and each claim for relief therein that seeks equitable relief, are barred by the doctrine of unclean hands.

6. All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

7. The Amended Complaint does not allege facts sufficient to rise to the level of conduct required to recover punitive damages, especially since Experian complied with the FCRA, and thus all requests for statutory or punitive damages based on willful non-compliance are improper.

8. Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(A) That Plaintiff take nothing by virtue of the Amended Complaint herein and that this action be dismissed in its entirety;

(B) For costs of suit and attorneys' fees herein incurred; and

(C) For such other and further relief as the Court may deem just and proper.

Dated: October 11, 2018

Respectfully submitted,

/s/ *Jennifer Sun*
Jennifer Sun
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Tel.: (949) 851-3939
Fax: (949) 553-7539
jennifersun@jonesday.com
California Bar No. 238942
*Counsel for Defendant*
*Experian Information Solutions, Inc.*

/s/ *Ashley K. Brathwaite*
Ashley K. Brathwaite
ELLIS & WINTERS LLP
P.O. Box 33550
Raleigh, NC 27636
Tel.: (919) 865-7000
Fax: (919) 865-7010
ashley.brathwaite@elliswinters.com
N.C. Bar No. 33830
*Local Civil Rule 83.1(d) Counsel for*
*Defendant Experian Information Solutions,*
*Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2018, I electronically filed a true and correct copy of the foregoing DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT with the Clerk of the District Court of the Eastern District of North Carolina by using the CM/ECF system, which will send notification to the parties and attorneys of record in the case who are registered CM/ECF users. I further certify that I served a true and correct copy of the foregoing Notice of Substitution of Counsel via mail and email to Plaintiff at the following mailing address and email address:

Timothy Danehy
P.O. Box 301
Kittrell, NC 27544-0301
(919) 702-6842
Teefcra1@gmail.com

/s/ *Jennifer Sun*
Jennifer Sun